Opinion
 

 VOGEL (C. S.), P. J.—
 

 Introduction
 

 Plaintiff and appellant Andra M. Vaccaro brought this action for legal malpractice against defendants and respondents Barry Raiman and the law
 
 *763
 
 firm of Lewis, D’Amato, Brisbois & Bisgaard. Plaintiff’s attorney neglected to sign the first amended complaint as required by Code of Civil Procedure section 128.7, subdivision (a).
 
 [1]
 
 Defendants moved, pursuant to section 436, subdivision (b), that unless the first amended complaint was signed by the time of the hearing on defendants’ motion, the first amended complaint should be stricken in its entirety on the ground it was not filed in conformity with the laws of this state. Although plaintiff’s attorney did sign and file a copy of the first amended complaint before the hearing, the court struck the first amended complaint, without leave to amend, on the ground the attorney had not acted “promptly.” In the same breath, without prior request by defendants or prior notice by the court, the court dismissed plaintiff’s action with prejudice. The court thereafter denied plaintiff’s motions for reconsideration (§ 1008) and relief from default (§ 473). Thereafter, defendants moved that, as a “sanction” under section 128.7, they be awarded $38,236.50, which represented their entire “attorney fees” in defending the action from its commencement. The trial court granted defendants’ motion. Plaintiff appeals from the orders which dismissed the action, denied reconsideration and relief from default, and granted sanctions of $38,236.50. We issued a writ of supersedeas staying enforcement of the judgment and postjudgment order imposing sanctions.
 

 We reverse. The trial court abused its discretion in striking the first amended complaint without leave to amend and dismissing the action without prior request or notice. In any event, the mandatory provision of section 473 required the court to set aside the order of dismissal when plaintiff’s counsel admitted his neglect. The sanction award must also be reversed, because it is based on the prior orders.
 

 Factual and Procedural Background
 

 Plaintiff Vaccaro is herself an attorney. Defendants were previously retained by Vacarro’s malpractice insurance carrier to defend a prior action against plaintiff, Barrios v. Vaccaro (Super. Ct. L.A. County, 1993, No. BC082084). The theory of plaintiff’s present action is that although the Barrios action was settled by the carrier, defendants violated various promises they made to plaintiff concerning how the Barrios matter would be defended, and breached plaintiff’s right to privacy by disclosing confidential matters to third parties, all to plaintiff’s damage.
 

 The original complaint was filed April 25, 1996. It was signed and verified by plaintiff personally, and was signed by plaintiff’s then attorney of record, Geoffrey C. Mousseau.
 

 
 *764
 
 A first amended complaint was filed July 11, 1996. It listed Mousseau as attorney. It was signed and verified by plaintiff personally, but was not signed by Mousseau. Defendants’ attorney, Douglas R. Irvine, sent a letter to Mousseau July 12, 1996, noting that defendants had been served with an unsigned copy and requesting clarification whether the first amended complaint had been filed. Irvine received no response.
 

 Plaintiff filed a substitution of attorney; the filing date is illegible in the joint appendix on appeal but inferably was July 30, 1996. Mousseau substituted out as plaintiff’s attorney, and Fred Rucker substituted in as plaintiff’s attorney.
 

 On August 12, 1996, defendants filed a demurrer to the first amended complaint (asserting failure to state a cause of action) and a motion to strike the first amended complaint in its entirety and in certain particulars. The motion to strike the first amended complaint in its entirety was based upon the fact it was not signed by plaintiff’s former attorney of record or plaintiff’s new attorney of record.
 

 The substantive law cited for the motion to strike was section 128.7, subdivision (a), which provides, “Every pleading, petition, written notice of motion, or other similar paper shall be signed by at least one attorney of record in the attorney’s individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer’s address and telephone number, if any. Except when otherwise provided by law, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.”
 

 The motion was based procedurally on sections 435 and 436, which authorize the court upon motion to strike, “upon terms it deems proper,” a complaint which is “not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court.” (§ 436, subd. (b).)
 

 Defendants’ memorandum of points and authorities in support of the motion to strike stated, “If the first amended complaint has not been signed by the time of the hearing on this motion [which was then set for September 9, 1996], it should be stricken in its entirety.”
 

 The parties’ attorneys thereafter met and conferred upon numerous discovery and pleading issues. On September 6, 1996, they filed a stipulation to continue, until October 2, 1996, the hearings on plaintiff’s five discovery motions and defendants’ demurrer and motion to strike. On September 30,
 
 *765
 
 1996, they filed another stipulation to continue until October 21, 1996, the hearings on plaintiff’s five discovery motions and defendants’ demurrer and motion to strike. The court on September 30, 1996, approved the continuance to October 21, 1996.
 

 The attorneys also stipulated to a briefing schedule. It provided that plaintiff would have until Tuesday, October 15, 1996, to submit opposition to the motion to strike. This was not approved by the court. It appears both counsel assumed the briefing schedule was acceptable to the court and did not know it was not.
 

 According to plaintiff’s counsel, Rucker, he told defendants’ counsel Irvine during the meet and confer session of September 30, 1996, that he would file a signed copy of the first amended complaint at the time he filed opposition to the demurrer and motion to strike, and “[defendants agreed that this was acceptable, so long as the signed pleading was, in fact, filed with the Opposition.” This was denied by Irvine who declared that the subject of signing the first amended complaint was never discussed.
 

 Without the court’s approval of the stipulated late briefing, plaintiff’s opposition to the motion to strike was due five court days before the Monday, October 21, 1996, hearing (§ 1005, subd. (b); Cal. Rules of Court, rule 317(a)), which was Friday, October 11, 1996 (Monday, October 14 being a holiday). On Wednesday, October 16, 1996 (three days late by statute and court rule and one day late even under the stipulation), plaintiff’s counsel, Rucker, filed a copy of (Mousseau’s) first amended complaint, signed by Rucker in the place where Mousseau had neglected to sign. His memorandum of points and authorities commented, “Plaintiff does not know whether the Court’s copy of the Amended Complaint was signed or not. However, to avoid this ‘significant’ controversy of great substantive import, filed concurrently herewith is a signed copy of the Amended Complaint.”
 

 At the commencement of the October 21, 1996, hearing on the motions the court announced, “Case dismissed.” Rucker asked, “may we have leave to file a signed pleading,” to which the court responded, “Dismissed with prejudice.” Rucker pointed out that he
 
 had
 
 filed a signed pleading. The court responded that it was filed too late: The court never approved a late filing, the opposition was due October 11, the court would disregard opposition filed beyond the deadline set by section 1005, and under the Superior Court of Los Angeles County Rules, rule 9.15, the failure to file timely opposition supports an inference a motion is meritorious. Beyond that, the court cited the requirement of section 128.7, subdivision (a) that “An unsigned paper shall be stricken unless omission of the signature is corrected promptly after
 
 *766
 
 being called to the attention of the attorney or party.” The court concluded Rucker had not acted
 
 promptly
 
 following the filing of the motion to strike in August.
 

 On November 20, 1996, the court filed an order striking the first amended complaint and dismissing the action with prejudice, and a judgment of dismissal.
 

 On November 1, 1996, plaintiff filed a motion for reconsideration and motion for relief from default, which motions came on for hearing November 25, 1996. The motion for reconsideration was based on the theory that the court was unaware at the time of the ruling that a signed pleading had been filed before the hearing. The court clarified that it
 
 was
 
 previously aware the signed pleading had been filed; the court had ruled based on its being filed late; hence the motion for reconsideration did not set forth a new and different set of facts. The motion for relief from default was based on the declarations of Rucker and plaintiff, which placed responsibility solely on Rucker for his failure to sign the pleading more promptly. Rucker declared, and plaintiff corroborated, that as soon as Rucker received the motion to strike in August, plaintiff instructed Rucker to file a signed copy immediately, and he told plaintiff he would. He failed to do so, he explained, because he believed his meet and confer sessions with defendants’ counsel might lead to agreement to file a superseding complaint, or that in any event it was acceptable to the defense if he filed a signed copy by the time of the stipulated continued hearing on all the motions. His memoranda argued that relief was mandatory under section 473 in light of his declaration, and also raised the issue that striking the complaint without leave to correct the defect and dismissing the action without request or notice was erroneous. The court denied relief.
 

 Plaintiff timely filed notice of appeal on December 10, 1996, from the judgment of dismissal and denial of section 473 relief.
 

 On January 21, 1997, defendants filed a motion to be awarded attorney fees of $38,236.50, on the ground that “the entire action was frivolous and maintained in bad faith warranting the imposition of sanctions” against plaintiff pursuant to section 128.7. Urging that the general purpose of the section 128.7 signature requirement is to require counsel to verify there is a legal and evidentiary basis for the allegations of the complaint (§ 128.7, subd. (b)), defendants speculated, “Plaintiff’s counsel ‘of record’ no doubt recognized the sham nature of this action and consciously decided not to execute the [first amended complaint] so as to avoid the solemn certification requirements of’ section 128.7. The amount of $38,236.50 was based on the
 
 *767
 
 hourly rates of members of defendants’ firm for services rendered in defending the entire action.
 

 Plaintiff opposed the motion on numerous technical grounds and on the merits. Plaintiff’s counsel, Rucker, and her prior counsel Mousseau submitted declarations that they conducted legal and evidentiary research before presenting the pleading and concluded the action had merit and was not filed for an improper purpose. Defendants argued that plaintiff’s attorneys were only puppets on plaintiff’s string, that it may be inferred plaintiff, herself an attorney, did the actual pleading. They argued it was appropriate to sanction plaintiff personally, in the full amount of defendants’ attorney fees, in order to deter plaintiff from filing and maintaining a frivolous action in bad faith. The trial court agreed and granted sanctions in the amount requested against plaintiff personally pursuant to section 128.7. Plaintiff timely appealed from the order granting sanctions in the amount of $38,236.50. We consolidated the appeals. We issued a writ of supersedeas staying enforcement of the sanctions.
 

 Discussion
 

 Numerous issues are raised by the lengthy briefs in this appeal, including several technical issues concerning the operation of section 128.7. Plaintiff’s contentions fall into three general categories: error in dismissing the action in the first place, error in denying relief pursuant to section 473, and error in awarding monetary sanctions of $38,236.50. We conclude the trial court erred in dismissing the complaint, and erred again in failing to vacate the dismissal pursuant to the mandatory provision of section 473. These errors require reversing the order of dismissal and the monetary sanctions. We need not decide', therefore, plaintiff’s additional contention that monetary sanctions were also unauthorized because they were not requested until after the case had been dismissed. (See § 128.7, subd. (c)(1).)
 

 The Trial Court Erred in Dismissing Plaintiff’s Case Without Notice and Without Granting Leave to Amend
 

 We may assume that the order striking the first amended complaint was proper; the dispositive issue is whether the court erred in not giving plaintiff another opportunity to file a properly signed pleading and dismissing the action without request or prior notice.
 

 Striking the first amended complaint was authorized substantively by section 128.7, subdivision (a) which expressly provides, “An unsigned paper
 
 shall be stricken
 
 unless omission of the signature is corrected promptly after
 
 *768
 
 being called to the attention of the attorney or party.” (Italics added.) Defendants’ motion to strike the first amended complaint on this substantive ground was not a request for section 128.7 “sanctions” necessitating compliance with the procedural requirements of section 128.7. Rather, defendants’ procedure was under section 436, which authorizes the court upon motion to strike a complaint which is “not drawn or filed in conformity with the laws of this state” (here, section 128.7, subdivision (a)). The record is sufficient to support the trial court’s determination that the omission of counsel’s signature was not “promptly” corrected.
 

 But the court could strike the pleading only “upon terms it deems proper,” (§ 436, subd. (b)), that is, upon such terms as are just. (§ 472a, subd. (d) [“When a motion to strike is granted pursuant to Section 436, the court may order that an amendment or amended pleading be filed upon terms it deems proper”]; see also § 472a, subd. (c) [after sustaining demurrer, court may grant leave to amend “upon any terms as may be just”].) When the defect which justifies striking a complaint is capable of cure, the court should allow leave to amend.
 
 {Perlman
 
 v.
 
 Municipal Court
 
 (1979) 99 Cal.App.3d 568, 575 [160 Cal.Rptr. 567] [improperly verified pleading; opportunity to cure should be given].) This is analogous to an order sustaining a demurrer. If there is a reasonable possibility a demurrable defect could be cured by amendment, it is ordinarily an abuse of discretion to deny leave to amend, a drastic step which leads to complete termination of the pleader’s action. (5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 943, p. 400; Weil & Brown, Cal. Practice Guide: Civ. Procedure Before Trial (The Rutter Group 1997) ¶¶ 7:202 to 7:204, pp. 7-63 to 7-64 [if defect is correctable, leave to amend will almost certainly be allowed].)
 

 Here the omission of counsel’s signature was capable of cure.
 
 [2]
 
 Plaintiff’s counsel not only was willing to sign the first amended complaint, he had in fact already done so and filed the copy with the court. We conclude the trial court abused its discretion when it refused to consider the belatedly filed signature or to grant leave to amend. The court granted no leave to amend and terminated plaintiff’s entire action with prejudice, all basically because plaintiff’s counsel did not sign the first amended complaint soon
 
 enough.
 
 The court acted hastily and unreasonably. The court immediately dismissed the action, despite the fact that defendants had not requested dismissal in the motion to strike nor had the court given any prior notice it intended to
 
 *769
 
 dismiss. The court may dismiss a complaint “[a]fter a motion to strike the whole of a complaint is granted without leave to amend
 
 and either party moves for
 
 dismissal.” (§ 581, subd. (f)(3), italics added; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial,
 
 supra,
 
 ¶ 7:204, p. 7-64 [after order sustaining demurrer
 
 without
 
 leave to amend, “the moving party should follow up with a motion for judgment of dismissal”]; see
 
 Reid
 
 v.
 
 Balter
 
 (1993) 14 Cal.App.4th 1186, 1193 [18 Cal.Rptr.2d 287] [dismissal must be preceded by notice of a motion to dismiss or of intention to dismiss, and opportunity to be heard].)
 

 From the court’s remarks we infer the court’s theory was that because the defect lay in not having signed the complaint
 
 promptly,
 
 the defect is absolutely incurable. To put it another way, the court apparently believed that granting leave to amend would be fatally inconsistent with the Legislature’s mandate that the pleading “shall be stricken” unless the omission of the signature is corrected “promptly.” We disagree.
 

 The fact that the Legislature requires
 
 the pleading to be stricken
 
 if the omission is not corrected promptly does not mean the Legislature intended a plaintiff’s action must be
 
 dismissed.
 
 The trial court’s determination that striking the pleading compels dismissal is too severe when counsel is willing (although belatedly) to sign and thereby attest to the arguable legal and evidentiary merit of the allegations. In section 128.7, subdivision (d), relating to sanctions imposed under subdivision (c), the Legislature expresses a much more limited purpose of the statute: “A sanction imposed for violation of subdivision (b)
 
 shall be limited to what is sufficient to deter repetition of this conduct
 
 or comparable conduct by others similarly situated. Subject to the limitations in paragraphs (1) and (2), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney’s fees and other expenses incurred
 
 as a direct result of the violation.”
 
 (Italics added.)
 

 The court had authority under section 436 to require, as a condition of leave to amend, that plaintiff pay defendants’ expenses
 
 of the motion to strike the complaint.
 
 (See 8 Witkin, Cal. Procedure,
 
 supra,
 
 Attack on Judgment in Trial Court, § 186, p. 693 [grant of relief under section 473 “upon any terms as may be just” typically includes compensating the adverse party for expenses suffered by the proceedings on the motion].) There are alternatives short of complete dismissal of the plaintiff’s action which are sufficient to enforce the legislative policy of section 128.7. We do not believe the Legislature intended that an action must be dismissed merely because counsel did not “promptly” sign the complaint, where counsel is willing to do so belatedly.
 

 
 *770
 

 In Any Event, the Mandatory Provision of Section 473 Required the Trial Court to Set Aside the Dismissal
 

 The so-called mandatory provision of section 473 states, “Notwithstanding any other requirements of this section, the court
 
 shall,
 
 whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney’s sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney’s mistake, inadvertence, surprise, or neglect.” (Italics added.) This provision requires the court to vacate a dismissal upon the attorney’s sworn statement of neglect, regardless whether the neglect was excusable or whether other conditions for
 
 discretionary
 
 relief are satisfied.
 
 (Metropolitan Service Corp.
 
 v.
 
 Casa de Palms, Ltd.
 
 (1995) 31 Cal.App.4th 1481, 1487 [37 Cal.Rptr.2d 575].)
 

 Plaintiff fully satisfied the conditions of this provision mandating that the dismissal be set aside. Rucker’s declaration in support of the section 473 motion stated, “As soon as I received the Motion to Strike, I discussed the matter with my client. She asked that I immediately sign the Amended Complaint and re-file and re-serve it. I told her that I would do so.” He did not do so because during his meet and confer sessions with defendants’ counsel there was some discussion of whether plaintiff would voluntarily amend her complaint. “I delayed signing the First Amended Complaint. . . because such an effort would be wasted if Plaintiff was going to amend her Complaint. I did not tell Plaintiff that I had made the decision to wait on this issue until the meet and confer was completed.” Rucker additionally declared that he relied on his understanding that it was acceptable to defendants for him to file a signed copy of the first amended complaint concurrently with his filing of opposition to the motion to strike and the demurrer. “If there was an error in the timeliness of having a signed version of the Complaint filed, it was solely my good faith and inadvertent error—not Plaintiff’s.” Plaintiff also submitted her declaration that, “When I was informed by Mr. Rucker that the Motion to Strike had been served and that one of the grounds for the Motion was that the Amended Complaint had not been signed by counsel, I instructed Mr. Rucker to sign, file and re-serve the Amended Complaint immediately. He told me that he would do so. Thus, I was surprised to learn that the Court had dismissed my case with prejudice since I had specifically instructed him to sign and file the Amended Complaint immediately. Thus, if there was any delay in the filing and serving of a signed version of the Amended Complaint, it was solely the result of the acts of my counsel.”
 

 
 *771
 
 To avoid mandatory relief defendants offer an irrelevant conspiracy theory: They suggest that “plaintiff has only herself to blame” because she probably drafted and filed the pleadings herself, “using her counsel of record’s attorney’s license to submit papers to the court under another’s name.”
 

 The policy of section 473 that a client should not suffer from the admitted errors of the client’s attorney does not disappear merely because the client is also an attorney. The only exception to the mandatory provision is if the dismissal was “not in fact caused by the attorney’s mistake.” This clause “is not a credibility testing device, it is a causation testing device.”
 
 (Cisneros
 
 v.
 
 Vueve
 
 (1995) 37 Cal.App.4th 906, 912 [44 Cal.Rptr.2d 682].) The uncontradicted affidavits show that the pleading was not promptly signed solely because Rucker decided to delay signing, contrary to plaintiff’s instructions. There is no evidence that plaintiff herself caused Rucker not to sign the pleading. She would have no sensible reason to do so. Defendants’ theory not only fails to satisfy the “cause” exception, it makes no sense.
 
 (.Metropolitan Service Corp.
 
 v.
 
 Casa de Palms, Ltd., supra,
 
 31 Cal.App.4th at p. 1488.) Defendants’ theory that Rucker probably intentionally refused to sign because he thought the action lacked merit is disproved by the fact that he
 
 did
 
 sign, as well as by his later declaration that before he agreed to substitute in as plaintiff’s counsel he reviewed the evidence and the law and concluded the allegations were supportable.
 

 Disposition
 

 The order of dismissal and the order granting sanctions of $38,236.50 are reversed. Costs on appeal are awarded to plaintiff. The writ of supersedeas filed June 2, 1997, staying enforcement of the judgment and sanctions shall remain in effect until the filing of the remittitur.
 

 Epstein, J., and Hastings, J., concurred.
 

 [1]
 

 All further statutory references are to the Code of Civil Procedure unless otherwise indicated.
 

 [2]
 

 Rucker submitted a copy of Mousseau’s first amended complaint. Rucker merely crossed out Mousseau’s name on the signature page and inserted his own name and signature. On remand with leave to amend, there will be an opportunity to comply fully with section 128.7, subdivision (a), which requires not only a signature, but also, “Each paper shall state the signer’s address and telephone number, if any.”