[No. B105789. Second Dist., Div. Two. Dec. 18, 1998.]

KEITH ARTHUR CARLSON, Plaintiff and Appellant, v. DEPARTMENT OF FISH AND GAME et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

## COUNSEL

Bourdette & Partners, Christopher L. Haberman, Philip C. Bourdette and Andre P. Gaston for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Margaret A. Rodda, Assistant Attorney General, Richard J. Rojo, Barbara A. Noble, Helen G. Arens and Raymond L. Fitzgerald, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**ZEBROWSKI, J.**—Plaintiff, represented by out-of-county counsel, desired to sue in Los Angeles County. Plaintiff's counsel prepared a complaint and sent it by Federal Express to the Los Angeles Superior Court in Santa Monica. The complaint complied in all respects with state requirements, but plaintiff's counsel failed to include a "Certificate of Assignment" required by local rule. Because the Certificate of Assignment was absent, the clerk of the court (clerk) did not file the complaint, but instead mailed it back to counsel. By the time counsel was able to return the complaint to the court with a Certificate of Assignment several days later, the statute of limitations period had elapsed. Defendants then demurred on numerous grounds, prominent among them that the complaint was barred by the statute of limitations. Plaintiff responded by moving for an order correcting the date of filing to the date on which the complaint was first presented for filing. The trial court denied plaintiff's motion, sustained defendants' demurrer without leave to amend, and dismissed the complaint. Plaintiff appeals.

In the published portion of this opinion, we will hold that the local superior court may not condition the filing of a complaint on local rule requirements. Instead, so long as a complaint complies with state requirements, the clerk has a ministerial duty to file. In legal effect, a complaint is "filed" when it is presented to the clerk for filing in the form required by state law. Plaintiff's complaint was hence effectively filed when it was first presented to the clerk, and the statute of limitations therefore did not run.

In the unpublished portion of this opinion, we will consider the other bases on which the demurrer was sustained, and conclude that they are not sufficient to support dismissal of the entire complaint.

## I. Factual Background.

Plaintiff alleges as follows: He held a state permit allowing him to propagate and sell snakes and other reptiles. He was arrested on charges that he violated a state regulation by selling a rosy boa with a length in excess of 14 inches. At the time of his arrest, his property was searched without a warrant, snakes and other reptiles having a value in excess of $100,000 were seized, his permit was summarily revoked without due process, his reptiles were destroyed or otherwise disposed of without compensation, etc. The charge that plaintiff had illegally sold an oversized rosy boa was dismissed due to prejudicial delay in prosecution. Plaintiff was then charged with violation of recordkeeping and cage size regulations based on evidence developed in the allegedly illegal search. At trial, plaintiff was acquitted of the recordkeeping violations, but convicted of the cage size violation. On appeal, the cage size conviction was reversed on a finding that the cage size regulations were unconstitutionally vague.

Following this successful litigation of the criminal charges against him, plaintiff filed a claim with the State Board of Control. The claim was rejected by notice to plaintiff dated July 18, 1995, advising him that he had six months to file a court action. On January 15, 1996, plaintiff's counsel, located in Visalia, sent a complaint via Federal Express overnight delivery to the clerk of the Superior Court in Santa Monica for filing. The complaint named the state and various state officials as defendants, advancing theories of civil rights violations, false arrest and imprisonment, conversion, failure to supervise, etc.

The clerk received the complaint on January 16, within the six-month period. Instead of filing the complaint, however, the clerk returned it together with a local court form advising of the Certificate of Assignment requirement imposed by local rule. Plaintiff's counsel received the complaint and court form back in Visalia on January 23, after the six-month period had elapsed. On that same day, using a fax filing service, plaintiff's counsel resubmitted the complaint for filing together with a Certificate of Assignment. The complaint was then file-stamped January 23.

Because January 23 was more than six months after the date of the notice of rejection of claim from the State Board of Control, defendants demurred on this basis. Plaintiff responded by moving for an order "correcting the filing date" of the complaint from January 23 to January 16, the date on which the complaint had first been presented for filing. The trial court denied the motion and sustained the demurrer without leave to amend. The court's minute order deals primarily with the late filing issue, finding that

the statute of limitations had run, and that there was no basis to "back date" the complaint or to grant relief pursuant to Code of Civil Procedure (further undesignated statutory references are to this code) section 473.[1] This appeal followed.

## II. THE FILING ISSUE.

### a. *The clerk had no power under state law to reject the filing.*

■   "The Judicial Council has long had constitutional authority to adopt statewide rules of court. (See Cal. Const., Art. VI, § 6.) Under Govt. C. 68070(b), the Judicial Council must adopt rules or procedures 'to encourage uniformity of requirements throughout a court and statewide,' covering, but not limited to, the following subjects: [¶] (1) The form of papers. [¶] (2) Limitations on filing papers. . . ." (2 Witkin, Cal. Procedure (4th ed. 1996) Courts, § 192, pp. 256-257.)[2] Each rule in the Rules has the force of law. (2 Witkin, Cal. Procedure, *supra*, Courts, § 194, p. 258.)

Title two of the Rules covers "Pretrial and Trial Rules." Division I of title two covers "Rules for the Superior Courts." The first rule in division I of title two is rule 201, which specifies the required "Form of papers presented for filing." Rule 201(i) covers "Acceptance for filing," and provides that "[t]he clerk of the court shall *not accept for filing or file* any papers which do not comply with this rule. . . ." (Italics added.)

■   Only after establishing the required format of papers presented for filing, and providing that nonconforming papers may not be filed, does rule 201 proceed to the subject of local forms. As to local forms, rule 201 simply places certain restrictions on them, specifying size, numbering, type of paper, etc. rule 201 contains no requirement that any local form be used; it merely imposes limitations upon their use. Although rule 201(i) specifically directs a clerk to refuse to file a paper which does not comply with rule 201, there is no comparable authorization in state law directing or permitting a

---

[1]The minute order ended by stating: "Court further finds there is no liability by Moving Party for the revocation of the permits or prosecutorial immunity [*sic*], and as to the 10th cause of action [which sought injunctive and declaratory relief], Plaintiff should go through the administrative procedures." These further grounds for sustaining the demurrer are considered in the unpublished portion of this opinion.

[2]As the introductory statement to the California Rules of Court (Rules) states, the Rules were "adopted by the Judicial Council [either] under its constitutional authority to 'adopt rules for court administration, practice and procedure not inconsistent with statute,' or under express authority granted by the Legislature." (See also 2 Witkin, Cal. Procedure, *supra*, Courts, § 194, p. 258.)

clerk to refuse to file a paper for failure to comply with a local rule.[3] Other than the limitation on filing stated in rule 201(i), the only limitation on filing in division I of title two of the Rules is in rule 201.5, which provides that certain *types* of papers (i.e., subpoenas, deposition notices, etc.) may not be filed except when relevant to determine an issue in a law and motion or other proceeding.[4]

Government Code section 69846.5 provides that "[t]he clerk of the superior court shall endorse on each paper filed with the court the day, month, and year it is filed."[5] For purposes of the statute of limitations, "filing" means delivery to the clerk during business hours. (*United Farm Workers of America* v. *Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 918 [210 Cal.Rptr. 453, 694 P.2d 138].)

*United Farm Workers* concerned a petition for review of an administrative decision. After the petition was presented for filing, the clerk returned it with a note contending that it was defective in several respects. In the interim before the petition could be presented again for filing, the relevant limitations period lapsed. The question was whether the petition had, in legal effect, been "filed" when initially presented for filing. The Supreme Court ruled that it had been "filed," stating: "[W]e conclude that 'filing' for purposes of compliance with the time limits of Labor Code section 1160.8 means what it does *in all other contexts*: actual delivery of the petition to the clerk at his place of business during office hours. [Citations.] Thus, it is the filer's actions that are scrutinized in determining whether a petition was timely filed. Rejection of the petition by the clerk . . . for a technical defect cannot undo a 'filing' that has already occurred. This is not to say, however, the reviewing court could not *later* order dismissal if a party has not undertaken timely correction of defects noted. We hold only that a defective petition may not be dismissed for untimeliness under Labor Code section

---

[3]Rule 302 provides that "the Judicial Council intends to occupy the field of form and format of . . . pleadings. No trial court, or any division or branch of a trial court, shall enact or enforce any local rule concerning the form or format of . . . pleadings. The rules set forth in this title alone [title two, Pretrial and Trial Rules] shall govern the form and format of . . . pleadings . . . . All local rules concerning the form and format of . . . pleadings are null and void as of the effective date of this rule." The Los Angeles requirement of a Certificate of Assignment does not appear literally to be an impermissible local "form or format" requirement. Instead, it imposes a requirement to file a completely different paper. Nevertheless, rule 302 does reflect an effort to standardize, at least to some extent, rules across the state.

[4]Rule 31(a), contained in title one, "Appellate Rules," expressly provides that "[w]henever a notice of appeal is received by the clerk of the superior court after the expiration of the period for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed." (See, e.g., *People* v. *Funches* (1998) 67 Cal.App.4th 240 [78 Cal.Rptr.2d 882].)

[5]A similar statute applies to municipal and justice courts. (Gov. Code, § 71280.4.)

1160.8 when it is delivered to the appropriate clerk's office during office hours within the time limits set therein." (*United Farm Workers of America v. Agricultural Labor Relations Bd. supra,* 37 Cal.3d 912, 918, italics added.)

To similar effect is *Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203 [71 Cal.Rptr. 731]. In *Litzmann,* a claimant sought review of a workers' compensation decision. The claimant presented a petition for filing on the last day of the applicable period, but the clerk rejected it, claiming that it was not in "the proper form" and not on "proper size sheets." (*Id.* at p. 204.) The court ruled: "Assuming the facts alleged to be true, it appears to us that, since the petition was deposited with the clerk for filing on April 17, 1968, albeit in defective form, this court may make an order that the petition be deemed to have been filed on that date. There is a strong policy in favor of hearing cases on their merits and against depriving a party of his right of appeal because of technical noncompliance in matters of form." (*Id.* at p. 205; see also, e.g., *Mentzer* v. *Hardoin* (1994) 28 Cal.App.4th 1365, 1372 [34 Cal.Rptr.2d 214] ["In superior court, the clerk is required to 'endorse on each paper filed with the court the day, month, and year it is filed.' (Gov. Code, § 69846.5; see Judicial Council com., 37 West's Ann. Gov. Code (1976 ed.) § 69846.5, p. 215.) Presentation of the document, in this case the arbitrator's award, to a deputy clerk constitutes the act of filing."].)

*City of Los Angeles* v. *Superior Court* (1968) 264 Cal.App.2d 766 [70 Cal.Rptr. 826], relied upon by defendants, does not hold to the contrary, and even if it were so read, it would be superseded by the later decision of the Supreme Court in *United Farm Workers.* In *City of Los Angeles,* the court found that plaintiff's counsel had first presented a complaint for filing on behalf of a minor, then had withdrawn it either because he had failed to apply for appointment of a guardian ad litem or because his petition for appointment of a guardian ad litem was defective. The complaint was again presented for filing after the statute of limitations had run. Consistently with the later ruling in *United Farm Workers,* the *City of Los Angeles* court acknowledged that " '[a] paper is deemed to be filed when presented at the proper office and deposited with the papers [citations]; especially so when deposited in the proper office with directions to file the paper. [Citation.] In *Hoyt* v. *Stark,* 134 Cal. 178 [66 P. 223], the question as to when a paper is to be deemed filed was quite fully considered. The court said: "Nor do we mean to be understood that when a proper filing or offer of filing has been made by a party, that he shall suffer for the remissness of the clerk in the performance of his duty. But the proper offer means more than a mere presentation to the officer. It means to him at the proper place, and within the proper time. When this is done, the party is required to do no more, and

will not be endangered in any of his rights by the failure of the clerk, in turn, to perform his duty." . . .' " (*Id.* at p. 770.) The *City of Los Angeles* court went on to rule that the complaint could not be back-dated to reflect a filing on the date on which it had first been presented to the clerk, because it had not in fact been left with the clerk for filing on that date. Instead, counsel had withdrawn it. In the instant case, by contrast, plaintiff's counsel did not submit, and then withdraw, the complaint. Instead he submitted it, and the clerk declined to file it. That is different from what occurred in *City of Los Angeles*. The result in *City of Los Angeles* is quite consistent with the later directive of the Supreme Court in *United Farm Workers* that "it is the filer's actions that are scrutinized in determining whether a petition was timely filed. Rejection of the petition by the clerk . . . for a technical defect cannot undo a 'filing' that has already occurred." (*United Farm Workers of America* v. *Agricultural Labor Relations Bd., supra,* 37 Cal.3d 912, 918.) Scrutinizing the actions of the filer in *City of Los Angeles* reveals that the filer did not leave the complaint with the clerk for filing, but instead withdrew it. Scrutinizing the actions of the filer in the instant case reveals that plaintiff's Visalia counsel never withdrew plaintiff's complaint; instead the clerk erroneously mailed it back.

*Hartford Accident & Indemnity Co.* v. *Gonzalez* (1994) 31 Cal.App.4th 51 [36 Cal.Rptr.2d 769] presented a situation similar to, but not precisely the same as, the instant case. Rather than a filing near a deadline, *Hartford* involved an attempt to completely invalidate a local rule of the Ventura Municipal Court. The rule required the filing of a "case information sheet." The *Hartford* court concluded that the local rule could validly require the filing of the case information sheet, and we agree. The *method* by which such a local rule might permissibly be enforced was not the focus of the *Hartford* decision. To the extent that *Hartford* is read to suggest that such a local rule may be enforced by refusing to file a complaint, thus potentially causing the statute of limitations to run, we disagree with it. Nor do we think that the *Hartford* court itself would so construe its holding. The *Hartford* decision focuses on whether the local rule conflicted with any state statute. Finding no conflict, the *Hartford* court found the local rule valid. The same justice who wrote the *Hartford* opinion, Justice Gilbert, recently faced a situation much closer to the instant one, a situation in which the proper method of enforcing a local rule requirement was squarely involved. Faced with that situation, he issued a decision in near agreement with our decision in this case. In *Rojas* v. *Cutsforth* (1998) 67 Cal.App.4th 774 [79 Cal.Rptr.2d 292], the plaintiff mailed her complaint to the court for filing, but the court mailed it back because the "Declaration for Court Assignment" was not signed and the summons contained the address of the wrong branch of the court. The statute of limitations passed before these defects could be corrected, and the trial court granted summary judgment on that basis. In *Rojas,*

Justice Gilbert wrote "[i]t is difficult enough to practice law without having the clerk's office as an adversary. Here, paltry nit-picking took the place of common sense and fairness. [¶] Where, as here, the defect, if any, is insubstantial, the clerk should file the complaint and notify the attorney or party that the perceived defect should be corrected at the earliest opportunity. (See Code Civil Procedure section 128.7, subdivision (a), providing in part that '[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.') That should create no more difficulty than returning all the documents with a notice pointing out the defects. To deny Rojas her cause of action for lack of a signature makes a mockery of judicial administration." (*Rojas* v. *Cutsforth, supra,* 67 Cal.App.4th at p. 777.)[6] Justice Gilbert went on to rule that "a paper is deemed filed when it is deposited with the clerk with directions to file the paper. . . . Because here the clerk had no proper basis for rejecting Rojas's complaint, it must be deemed filed when it was presented on November 7, 1996." (*Id.* at p. 778.)[7] The summary judgment was reversed.

To summarize: state law is clear that a paper is deemed filed when it is presented to the clerk for filing in a form that complies with rule 201. If a paper is thus presented, the clerk has a ministerial duty to file it. As noted by the Supreme Court in *United Farm Workers*, the filing of a defective paper may bring later adverse consequences if timely corrections are not made. However, subject to possible differing interpretations of the *Hartford* case, the only authority in state law for rejecting a complaint for filing is that contained in rule 201, discussed above, which does not include authority to reject a filing for lack of a Certificate of Assignment required by local rule.

b. *Federal law is similar.*

Federal law similarly does not allow clerks to refuse to file complaints based on violations of local rules. For example, in *Loya* v. *Desert Sands Unified School Dist.* (9th Cir. 1983) 721 F.2d 279, a teacher sought to file a title VII complaint (42 U.S.C. § 2000e et seq.) in the Central District of California on 13-inch-long paper. Although the 13-inch paper met the requirements in 3 of California's 4 federal districts, including the district in which plaintiff's counsel lived, the central district had adopted a local rule

---

[6]Justice Gilbert distinguished *Hartford* on the basis that *Hartford* did not involve an inadequate effort to comply, but rather an effort to completely avoid compliance (by invalidating the rule). We believe *Hartford* is even more greatly distinguished by its focus on the validity of the rule, rather than on the validity of the method used to enforce the rule (refusing to file).

[7]As developed in this opinion, we conclude that the only "proper basis" on which a clerk can refuse to file a complaint is lack of compliance with rule 201.

requiring 11-inch paper.[8] The clerk rejected the complaint for that reason, and the limitations period lapsed before the complaint could be retyped and presented again for filing. The district court consequently dismissed the complaint as untimely. The Ninth Circuit reversed, stating that "[t]o uphold the clerk's rejection of [the complaint] would elevate to the status of a jurisdictional requirement a local rule designed merely for the convenience of the court's own record keeping." (*Id.* at p. 280.) The court referenced Federal Rules of Civil Procedure, rule 1 (28 U.S.C.), which required that the rules " 'shall be construed to secure the just, speedy, and inexpensive determination of every action,' " and quoted the words of Judge Wisdom who, in deciding a similar case for the Fifth Circuit, stated " 'the force of this first and greatest of the Rules should not be blunted by district courts' exaggerating the importance of local rules . . . through inappropriate, over-rigorous sanctions.' " (721 F.2d at p. 281, quoting from *Woodham v. American Cystoscope Co.* (5th Cir. 1964) 335 F.2d 551, 557.) The Ninth Circuit thus concluded: "We therefore hold that for purposes of the statute of limitations the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules. This result is wholly consistent with holdings of this and other courts that a clerk's refusal to 'file' a complaint should not be controlling for purposes of the statute of limitations. Thus, in *Leggett v. Strickland*, 640 F.2d 774 (5th Cir.1981), the court stated that the standard for 'filing' should be whether the complaint 'was ever in the actual or constructive possession of the clerk,' *id.* at 776, when it held that a complaint refused because of insufficient postage had not been in the actual or constructive possession of the clerk. This court has followed a similar standard in its holding that a notice of appeal, marked 'filed' on a date which would have made it untimely, was nevertheless timely because it had 'reached the custody of the clerk' within the time limit. *United States v. Preston*, 352 F.2d 352, 353 n. 1 (9th Cir. 1965)." (*Loya, supra,* 721 F.2d at p. 281.)

*Cinton v. Union Pacific R. Co.* (9th Cir. 1987) 813 F.2d 917 was another case arising out of the central district. In *Cinton,* the plaintiff sent his complaint to the court for filing, but the complaint did not conform to local rules because "counsel had not punched two holes in the top of the complaint; counsel had not included a copy of the civil cover sheet" and the complaint was accompanied by a check for $99 instead of the correct filing fee of only $60. (*Id.* at p. 919.) Instead of filing the complaint, the clerk mailed it back for these reasons, and the statute of limitations period lapsed before it was returned for filing. Plaintiff's action was consequently dismissed. Although the Ninth Circuit found that the clerk had not acted

---

[8]The Judicial Conference of the United States later adopted 11-inch paper as the standard for the entire federal judiciary. (*Loya v. Desert Sands Unified School Dist., supra,* 721 F.2d at p. 279, fn. 1.)

improperly, it nevertheless reversed, stating "At question is the definition of the word 'file.' [¶] The consensus is that the '[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court.' " (*Id.* at p. 920.) As to the failure to punch the holes and the lack of a civil cover sheet, the court concluded that "these oversights do not render the complaint untimely." (*Ibid.*) As to the fee discrepancy, the court stated that the fee requirement "should not be raised to the level of a jurisdictional requirement. . . . The clerk's decision to handle the overpayment by returning the complaint along with the check was one based merely on the convenience and smooth operation of the clerk's office. The appellant should not be denied a forum due to his overpayment of the filing fee." (*Id.* at pp. 920-921.) The court concluded that "the appellant constructively filed his complaint when, on August 27, 1985, he delivered it to the clerk of the court, though he was not in compliance with local rules and though he overpaid the filing fee." (*Id.* at p. 921.)

In *United States* v. *Dae Rim Fishery Co., Ltd.* (9th Cir. 1986) 794 F.2d 1392, the Ninth Circuit reached the same result in a case arising in the District of Alaska. In *Dae Rim Fishery*, the complaint was timely presented, but with a defective summons. The clerk rejected it for that reason, and the statute of limitations allegedly ran before the complaint could be presented again for filing.[9] The court ruled that "[t]he complaint was constructively filed when the government first delivered it to the clerk . . . . We have previously held that a complaint is filed when it is placed in the actual or constructive custody of the clerk, despite any subsequent rejection by him of the pleading for non-compliance with a provision of the local rules. . . . We reasoned in *Loya* that to elevate a local rule (in that instance one designed to facilitate the court's record-keeping) to the status of a jurisdictional requirement would conflict with the mandate of Federal Rule of Civil Procedure 1 to provide a just and speedy determination of every action. . . . We see no cause to retreat from that rationale here." (*Id.* at p.1395.)

Although these federal cases are of course not controlling in the instant state law case, they provide powerful persuasive authority that litigants should not be irremediably prejudiced due to inadvertent deviation from idiosyncratic local rules.

c.  *Related state law on dismissals.*

■  It is the legislative and judicial policy of this state to prefer disposition of litigation on the merits rather than on procedural grounds. (See, e.g.,

---

[9]There was a debate in *Dae Rim Fishery* about what statute of limitations applied. The court concluded that the longer of the two possible statutes applied, and that the complaint was not late for that reason. As an alternative basis for the holding, the court concluded that the complaint was timely filed under even the shorter statute, because it had been presented for filing before that statute ran.

*Traweek* v. *Finley, Kumble, etc. Myerson & Casey* (1991) 235 Cal.App.3d 1128, 1136 [1 Cal.Rptr.2d 185].) Mere administrative efficiency is therefore an insufficient justification for a dismissal. (*Ibid.*) Dismissal is a drastic sanction, to be used only if less severe sanctions prove ineffective. (See, e.g., *Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491 [256 Cal.Rptr. 296]; *Traweek, supra,* 235 Cal.App.3d at p. 1134.) The Supreme Court recently unanimously held that dismissal is error when the failure to comply with a local rule is the fault of counsel rather than the client. (*Garcia* v. *McCutchen* (1997) 16 Cal.4th 469 [66 Cal.Rptr.2d 319, 940 P.2d 906].)

A refusal to file near a filing deadline, causing the statute of limitations to run, has an even more drastic functional effect than a dismissal. In the case of a dismissal, relief might be available pursuant to section 473. Such relief is not available when a statute of limitations has run. Even though dismissals are therefore, in at least one sense, less drastic than refusals to file, and even though the law disfavors dismissals as a method of enforcing local rules, defendants argue that the law nevertheless allows enforcement of local rules by the refusal to file a complaint, causing the statute of limitations to run. If this were a correct description of the proper application of the law, it would be a quite discordant system. The discordance of this argument alone casts doubt on its merits.

> d. *The clerk had no express power under the local rule to reject the filing.*

Section 575.1, subdivision (a) authorizes "local rules designed to expedite and facilitate the business of the court." Local rules are valid only to the extent that they do not *conflict* with statutes and the Rules. (See, e.g., 2 Witkin, Cal. Procedure, *supra,* Courts, §§ 186, 201 and 204, pp. 250-251, 268-269 and 272-273; Gov. Code, § 68070, subd. (a).) A local rule which purported to create exceptions to state law duties would likely be construed to "conflict" with state law. However, Los Angeles has no local rule which expressely purports to create an exception to the clerk's ministerial state law duty to file.

Section 575.2, subdivision (a) states the permissible consequences of failure to comply with a local rule. It specifies that local rules "may provide that if any counsel, a party represented by counsel, or a party if in pro se, fails to comply with any of the requirements thereof, the court on motion of a party or on its own motion may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature as otherwise provided by law . . . ." (*Ibid.*) Nothing in section 575.2

or elsewhere authorizes a clerk to *refuse to file* a pleading which complies with rule 201. To the contrary, section 575.2, subdivision (b) states a legislative intent not to permit a client's case to be foreclosed by noncompliance with a local rule, explaining that "[i]t is the intent of the Legislature that if a failure to comply with these [local] rules is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto." Thus the sanctions expressly authorized are limited to those quoted above plus the payment of expenses and fees. In this respect, section 575.2 is consistent with the approach taken by the Supreme Court in *United Farm Workers*, where the Supreme Court ruled that even a technically defective paper must be filed, but could be dismissed after filing if the defects were not timely corrected. (Cf. *Garcia* v. *McCutchen, supra*, 16 Cal.4th 469, 475 [section 575.2 limits penalties in instances of attorney negligence].)

Consistent with section 575.2, the local rules in question do not expressly authorize the clerk to reject a filing for lack of a Certificate of Assignment. Instead, Superior Court of Los Angeles County Rules, rule 2.0(d) simply provides that "[a] civil action . . . presented for filing . . . must be accompanied by . . ." a Certificate of Assignment. No particular consequence for the failure to accompany a complaint with a Certificate of Assignment is specified. Pursuant to section 575.2 those consequences would nevertheless span the spectrum up to and including dismissal, but would not include a refusal to file. (See also Rules, rule 227, "Sanctions in respect to rules, local rules, and court orders" [authorizing various sanctions, but not refusal to file; cf. *Tliche* v. *Van Quathem* (1998) 66 Cal.App.4th 1054 [78 Cal.Rptr.2d 458] (error to dismiss complaint for violation of fast track rule)].)

If a local rule were proposed authorizing a clerk to refuse to file a complaint because it was unaccompanied by a Certificate of Assignment, that proposed local rule would be subjected to a detailed process of review, consisting of proposal, publication, presentation to the judges for approval or disapproval, reporting to the Judicial Council, etc. (§ 575.1; Rules, rule 981; 2 Witkin, Cal. Procedure, *supra*, Courts, § 202, p. 269 et seq.) Whether such a proposed local qualification of the clerk's ministerial duties under state law would or would not be adopted is open to question, but it has not been adopted yet. Such a local rule would be of dubious validity, since it would qualify an otherwise unqualifed state law duty to file complaints that conform to rule 201.[10]

---

[10]The Ventura Municipal Court rule involved in the *Hartford* decision provided that " '[n]o case shall be filed without a completed Case Information Sheet.' " (*Hartford Accident & Indemnity Co.* v. *Gonzalez, supra*, 31 Cal.App.4th at p. 54.) As noted, we agree with

### e. *The clerk had no implied power to reject the filing.*

Thus there is no express authority—certainly none have been cited—which empowered the clerk to reject plaintiff's complaint. If the clerk nevertheless had such power, despite the absence of express authority, it would have to be an implied power. Yet there is nothing which implies the existence of such a power. None of the cases suggest such a power. Instead, the cases consistently provide that a document is "filed" when presented to the clerk for filing, and emphasize the preference for dispositions on the merits. Nor do the rules and statutes imply the existence of such a power, but instead imply its absence. The Legislature, for example, in enacting section 575.2 governing the application of local rules, did not provide that the clerk could enforce local rules by rejecting papers even though they comply with rule 201. To the contrary, the Legislature was explicit in stating its intention that errors in compliance with local rules not prejudice the client. (§ 575.2, subd. (b).) Nor did the Judicial Council, in crafting rules 201(i) and 201.5, and all the other statewide rules, provide that a proposed filing could be rejected for noncompliance with local rules. Hence there is no basis for finding an implied power in the clerk to enforce local rules by rejecting otherwise conforming papers. Since the clerk has neither an express power nor an implied power, the clerk has no such power at all. Instead, the clerk must comply with the mandatory duty imposed by state law. So long as a paper complies with rule 201, it is, in legal contemplation, "filed" when presented to the clerk for filing. The failure of the clerk to endorse the correct date on the document, as required by Government Code section 69846.5, cannot change the date on which the paper was legally filed. (See, e.g., *United Farm Workers of America* v. *Agricultural Labor Relations Bd.*, *supra*, 37 Cal.3d 912.) If the clerk endorses an incorrect date on a filed paper, the court can order it corrected. (See, e.g., *Litzmann* v. *Workmen's Comp. App. Bd.*, *supra*, 266 Cal.App.2d 203.)

### f. *The legitimate ramifications of failing to comply with local rules.*

The conclusion that a clerk lacks authority to enforce the Los Angeles County Superior Court local rules by rejecting papers that comply with rule 201 does not mean that those local rules cannot be enforced. It simply means that they cannot be enforced by the method of rejecting filings which conform to state law. After a paper is filed, the panoply of possible sanctions provided for in section 575.2, rule 227 and elsewhere become available to

---

*Hartford*'s decision that the court could require the filing of the case information sheet, but we doubt that the rule could supersede the clerk's state law ministerial duties and validate a refusal to file. As also noted, this latter point was not the focus of *Hartford*, and a contrary inclination was suggested by that same court's later opinion in *Rojas*.

redress local rule violations. However, applying a sanction of the type authorized by the Code of Civil Procedure and the Rules is far different from rejecting a conforming paper and possibly causing the statute of limitations to run.

If, for example, a filed case were later *dismissed* for failure to file a Certificate of Assignment, that dismissal would be reviewable on appeal pursuant to the substantial evidence or abuse of discretion standard as the situation dictated. A dismissal as the first sanction, without a chance to cure, might be a correctable abuse of discretion, even assuming that the underlying factual findings were supported by substantial evidence. (Cf. *Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761 [73 Cal.Rptr.2d 829].) If, on the other hand, the statute of limitations has run, quite a different situation would be presented on appeal. In the case of a dismissal after filing, relief could also be sought in the trial court pursuant to section 473 on grounds of mistake, inadvertence, surprise or excusable neglect. (See, e.g., *Vaccaro, supra*, 63 Cal.App.4th 761.) Moreover, if the fault were that of counsel (most likely the case when local rules are involved), the court *must* grant relief if application is made within six months accompanied by an affidavit showing the fault to be that of counsel, even though the court may require the payment of "reasonable compensatory legal fees and costs." (§ 473; *Vaccaro, supra*, 63 Cal.App.4th 761.) This same result would appear dictated by section 575.2, subdivision (b), providing for penalties to fall on counsel and not on client. If a court were to issue an order requiring the filing of a Certificate of Assignment, and if counsel were to fail to comply, that dereliction could additionally be penalized by sanctions imposed pursuant to section 177.5, payable to the county, in addition to the full panoply of sanctions authorized by section 575.2 and rule 227 up to and including dismissal. Section 128.7 might also apply in appropriate circumstances. The court thus has tools to enforce local rules in a manner consistent with the directive of the Legislature in section 575.2, subdivision (b) that "any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

g. *Conclusion.*

We therefore hold that if a pleading presented for filing complies with rule 201, the clerk may not refuse to file it for lack of compliance with a Los Angeles Superior Court local rule. In legal effect, therefore, plaintiff's complaint was filed on January 16 when it was presented for filing. Defendant's demurrer on the theory that the statute of limitations had run because more than six months had elapsed between the rejection of plaintiff's claim

by the State Board of Control and January 23 should therefore have been overruled.[11]

## III.  THE OTHER BASES FOR SUSTAINING THE DEMURRER.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed and remanded with directions to grant leave to amend the complaint. The parties are to bear their own costs on appeal.

Fukuto, Acting P. J., and Nott, J., concurred.

A petition for a rehearing was denied January 6, 1999, and respondents' petition for review by the Supreme Court was denied March 9, 1999.

---

[11]Given our resolution of this issue, we need not reach plaintiff's contentions that he was entitled to relief from late filing pursuant to section 473 or that section 575.2, subdivision (b), allows a sanction against counsel but not against the party for failure to comply with local rules.

*See footnote, *ante,* page 1268.