Filed 2/25/16  Ree v. Chon CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JIN REE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SUNG NAM CHON et al,<br><br>    Defendants and Respondents. | B262184<br><br>(Los Angeles County<br>Super. Ct. No. BC506778) |

APPEAL from orders of the Superior Court of Los Angeles County.  Gregory W. Alarcon, Judge.  Affirmed.

Jin Ree, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

\* \* \* \* \* \* \* \*

This is an appeal from two orders denying plaintiff and appellant Jin Ree relief from dismissal after plaintiff had obtained entry of default as to all defendants but failed to obtain any default judgment. Plaintiff filed a timely notice of appeal from the trial court's order of September 16, 2014, denying his motion to vacate the dismissal of his complaint, and from the order of January 14, 2015, denying his motion for reconsideration. Finding the trial court did not abuse its discretion, we affirm the orders and judgment of dismissal.

## BACKGROUND

The record on appeal appears to be incomplete but we discern the following factual and procedural background from the records before us. Plaintiff filed this lawsuit on April 23, 2013, alleging eight causes of action against four defendants. The gist of the complaint is that the defendants, all of whom are members and past or former officers of the Seoul Lions Club, defamed plaintiff in relation to his views about the management and operation of the club. Plaintiff sought damages and an injunction to prevent them conducting any club business. Plaintiff did not specify the amount of damages he sought in the complaint, and there is no statement of damages in the record.

As reflected in plaintiff's motion to vacate dismissal and the court's ruling, plaintiff obtained entry of default against all four defendants by August 12, 2013. Plaintiff attended the case management conference on September 24, 2013, at which time the court set a hearing on an order to show cause regarding dismissal for failure to obtain default judgment. On November 20, 2013, plaintiff filed a declaration requesting more time to negotiate settlements, and on November 25, 2013, in plaintiff's presence, the court continued the hearing. On January 17, 2014, plaintiff filed a declaration giving excuses for his delay in providing default prove-up documents, including emotional distress from an unspecified personal matter, being busy, and lacking legal expertise. On January 24, 2014, the court admonished plaintiff that dismissal may result if a default judgment was not obtained. At the hearing on March 24, 2014 which plaintiff attended, the court ruled that plaintiff had not provided "any default prove-up documents or proof of having submitted them to the Court." The court dismissed the action.

2

On August 4, 2014, plaintiff filed a motion to vacate the dismissal based on Code of Civil Procedure section 473, subdivision (b), claiming his own mistake, inadvertence, surprise and excusable neglect led to the erroneous dismissal. In his declaration in support of the motion, plaintiff declared when he showed up in court on March 24, 2014, he thought the court had already received the default judgment package he had submitted to the clerks in Room 118 (of the Stanley Mosk Civil Courthouse) but he did not bring a conformed copy with him to court. When he went to Room 118 to obtain the default judgment package, the clerks could not find it. He returned to court to so report, but the clerk told him the court had already dismissed his action. Later, he found the conformed copy of the cover page and the whole default judgment package, which he then corrected and resubmitted to the court. But the post office returned the default judgment packet to him (he had to pay extra postage) along with "one page blue color notice." He went to court on July 14, 2014, to find out what happened and obtained a copy of the minute order of dismissal indicating notice was waived, but plaintiff denied he had waived notice at the March 24 hearing.

The court denied plaintiff's motion to vacate the dismissal on September 16, 2014. The court reasoned that plaintiff had failed to obtain default judgment within 45 days of the entry of default as required by rule 3.110 (h) of the California Rules of Court; plaintif's unusually long delays and excuses were not reasonable; plaintiff's failure to bring any proof of default prove-up papers to the hearing on the motion to vacate was inexcusable neglect; and, to the extent the motion might be construed as a motion for reconsideration, it was not filed within ten days of the court's March 24, 2014 order, and it did not state new facts or law.

Plaintiff then filed a "notice of intention to move for reconsideration" on October 1, 2014. The caption shows a November 20, 2014 hearing date. Although not entirely clear, it appears there was no hearing on November 20, 2014, because plaintiff had failed to file a motion or because he failed to reserve a hearing date.

Plaintiff's motion for reconsideration was not heard until January 14, 2015. Like the motion to vacate dismissal, plaintiff sought relief from his own, and from the clerks'

3

various alleged mistakes under Code of Civil Procedure sections 473 and 116.725. After taking the matter under submission, the court denied the motion and issued an order dated and served by mail on January 14, 2015. The court's minute order refers to a one-page tentative ruling that is not in the record.

This appeal followed.

## DISCUSSION

"A motion for relief under [Code of Civil Procedure] section 473 is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof, the exercise of that discretion will not be disturbed on appeal." (*Generale Bank Nederland v. Eyes of the Beholder Ltd*. (1998) 61 Cal.App.4th 1384, 1399.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.) Similarly, a trial court's ruling on a motion for reconsideration is also "reviewed under the abuse of discretion standard." (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)

Here, the trial court did not abuse its discretion. Plaintiff filed his complaint on April 23, 2013, and, within four months, obtained entry of default for all four defendants in August 2013. Even though the trial court held several hearings between September 24, 2013, and March 24, 2014, plaintiff never demonstrated that he had submitted a default prove-up package to the court. We recognize that plaintiff declared under penalty of perjury in the declarations attached to his motions that he submitted a default prove-up package on March 14, 2014, which he contended had been mishandled by the clerks, and that he was in possession of a conformed copy of a complete default prove-up package. But, the record indicates he never provided a conformed copy, or any copy at all, of any default prove-up package to the trial court, and there is none in the record on appeal.

California Rules of Court, rule 3.110 (h) requires that plaintiff must obtain a default judgment within 45 days after entry of default, unless the court grants an extension of time. "Each rule in the Rules has the force of law." (*Carlson v. Department*

4

*of Fish and Game* (1998) 68 Cal.App.4th 1268, 1272.)  In this case, the court granted plaintiff extensions of time on November 25, 2013 (105 days after entry of default) and January 24, 2014 (165 days after entry of default), and finally dismissed the action on March 24, 2014 (224 days after entry of default) when plaintiff failed, once again, to demonstrate that prove-up paperwork had been submitted to the court.

The court did not abuse its discretion under Code of Civil Procedure section 473, subdivision (b) by following the mandate of California Rules of Court, rule 3.110(h), or by finding plaintiff's repeated delays were unreasonable and that his mistakes were not excusable.  We are not persuaded that any clerical error contributed to the rulings. Further, the court did not abuse its discretion by denying plaintiff's motion for reconsideration, which did not rest on any new fact or law.  Indeed, for that reason, the court lacked discretion to grant the motion.  (Code Civ. Proc., § 1008, subd. (e); see generally, *Le Francois v. Goel* (2005) 35 Cal.4th 1094.)

## DISPOSITION

The orders and judgment of dismissal are affirmed.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.


RUBIN, J.

5