[No. B122738. Second Dist., Div. Four. June 9, 1999.]

CHRISTINE A. MAGINN et al., Plaintiffs and Appellants, v. CITY OF GLENDALE, Defendant and Respondent.

**COUNSEL**

Gilchrist & Rutter and Frank Gooch III for Plaintiffs and Appellants.

Scott H. Howard, City Attorney, and Dennis H. Schuck, Assistant City Attorney, for Defendant and Respondent.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

Plaintiffs Christine A. Maginn and the Maginn Revocable Living Trust sued defendant the City of Glendale for inverse condemnation and violation of due process and equal protection, after the city council denied plaintiffs' application for a tentative parcel map to subdivide real property for the purpose of building a home on the proposed second lot. The trial court dismissed the case after sustaining defendant's demurrer on statute of limitations grounds. We affirm.

Government Code section 66499.37 provides that any action or proceeding to review a decision concerning a subdivision must be "commenced *and service of summons effected* within 90 days after the date of such decision." (Italics added.) We hold that although the superior court clerk erred in refusing to issue summons on the 90th day on the ground the complaint was not accompanied by a civil case cover sheet, that error was cured on the 91st day, and plaintiffs' subsequent failure to serve the summons until the 93d day was not excusable.

### BACKGROUND

#### *Legal*

■ "Any action or proceeding to attack, review, set aside, void or annul the decision of·. . . [a] legislative body concerning a subdivision . . . shall not be maintained by any person unless such action or proceeding *is commenced and service of summons effected within 90 days* after the date of such decision." (Gov. Code, § 66499.37, italics added.) The Legislature enacted this short time limit because delay in litigation involving the Subdivision Map Act (Gov. Code, § 66410 et seq.) ultimately increases development and housing costs. (*Hunt* v. *County of Shasta* (1990) 225 Cal.App.3d 432, 442 [275 Cal.Rptr. 113].) This section applies to an inverse condemnation action. (*Hensler* v. *City of Glendale* (1994) 8 Cal.4th 1, 7 [32 Cal.Rptr.2d 244, 876 P.2d 1043].)

"A civil action is commenced by filing a complaint with the court." (Code Civ. Proc., § 411.10.)

"After payment of all applicable fees, the plaintiff may have the clerk issue one or more summons for any defendant." (Code Civ. Proc., § 412.10.)

"[A] summons shall be directed to the defendant, signed by the clerk and issued under the seal of the court in which the action is pending . . . ." (Code Civ. Proc., § 412.20.)

"The first paper filed in an action or proceeding shall be accompanied by a case cover sheet [Judicial Council Forms, form 982.2(b)(1), Civil Case Cover Sheet]. . . . The cover sheet shall not be required to be served with the complaint or other first paper. The cover sheet shall be used for statistical purposes only and shall not affect the assignment of the case." (Cal. Rules of Court, rule 982.2, adopted eff. July 1, 1996.)[1]

### Factual and Procedural

By the parties' stipulation, the original action was dismissed without prejudice to the filing of the present action, in which plaintiffs' complaint attempts to plead an excuse from the timely service requirement. Based upon the allegations of the present complaint and judicial notice, the following facts are undisputed.

The city council denied plaintiffs' application for a tentative parcel map on May 14, 1996. The 90th day deadline for filing the complaint[2] and serving the summons was therefore August 12, 1996.[3]

On the last possible day, August 12 (Monday), plaintiffs' counsel instructed an attorney service to file the complaint and serve the summons and complaint. At 4:00 p.m., the attorney service employee telephoned plaintiffs' counsel stating that the clerk refused to issue the summons because counsel had not submitted a civil case cover sheet. Counsel told the attorney service employee to inform the clerk it was imperative that the complaint be filed and the summons issued that day, because of the 90-day limitation statute. The clerk agreed to file-stamp all documents August 12, but instructed that an originally executed civil case cover sheet be submitted the next day, at which time the clerk would return conformed copies of the complaint and the issued summons for service upon defendant.

Had the clerk issued summons on August 12, defendant would have been served with summons and the complaint that day. Without a conformed

---

[1]This form requests the following information about the action: 1. type of case (choose 1 among 34 categories); 2. remedies sought (monetary, nonmonetary, punitive); 3. number of causes of action; and 4. whether it is a class action.

[2]Plaintiffs were not required to submit a governmental tort claim. (Gov. Code, § 905.1 [no claim is required to maintain an action against a public entity for taking of or damage to private property].)

[3]Hereafter all relevant dates are in 1996.

complaint or issued summons, plaintiffs served defendant on August 12 with a printed governmental tort claim form. The blanks in the form were filled out to describe plaintiffs' claim; the claim form also included as an attachment a prior letter from plaintiffs' counsel dated May 8, detailing plaintiffs' legal arguments why they were entitled to subdivide their property and indicating plaintiffs' "intention to take legal action" if the matter were not satisfactorily resolved.

On August 13 (Tuesday), in accordance with the clerk's instructions, plaintiffs' counsel submitted an originally executed civil case cover sheet. The clerk thereupon gave counsel the conformed, file-stamped copy of the complaint and the issued summons. The complaint was file-stamped August 12, but the summons was not issued until August 13.

Plaintiffs did not serve defendant with the complaint and summons, however, until August 15 (Thursday), the 93d day after the city council's decision. Plaintiffs offer no explanation for this additional delay.

### DISCUSSION

Rule 982.2, California Rules of Court, which contains the requirement that a civil case cover sheet accompany the first paper filed in an action, expressly states that the cover sheet is for statistical purposes only. Neither that rule itself, nor any other rule cited to us, expressly authorizes the superior court clerk to refuse to file the first paper, here the complaint, on the ground it is not accompanied by the cover sheet.

Based upon persuasive analogous case law, we agree with plaintiffs that the clerk, especially upon being informed that immediate filing of the complaint and issuing of summons were necessary to satisfy the applicable limitations statute, should have filed the complaint and issued summons on August 12, and simply required counsel to provide the cover sheet later. (See *United Farm Workers of America* v. *Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912 [210 Cal.Rptr. 453, 694 P.2d 138] [petition to review board decision presented to the clerk on last possible day under Labor Code; clerk erroneously refused to file petition that day based upon absence of table of authorities and absence of verification, which were technical defects which could be cured later and were not jurisdictional to the timeliness of the petition; court could dismiss petition later if the defect were not corrected; Cal. Rules of Court, rule 46 (clerk shall not file papers which do not comply with the rules) must be read in light of rule 18 (other remedies for defective papers)]; *Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 204-205 [71 Cal.Rptr. 731] [petition to review board decision presented

to the clerk on last possible day under Labor Code; clerk erroneously refused to file petition that day on ground it was not in proper form and not on proper size sheets; Cal. Rules of Court, rule 57 (review of Workers' Compensation Appeals Board decisions) does not authorize the clerk to refuse to file a petition on such grounds]; *Rojas* v. *Cutsforth* (1998) 67 Cal.App.4th 774 [79 Cal.Rptr.2d 292] [complaint and summons presented to clerk without a "declaration for court assignment" required by local rule, and the wrong division of the court was typed on the summons; clerk erroneously returned the documents; where the defect in a complaint is insubstantial the clerk should file the complaint and notify counsel to correct the defect; defendant cited no authority for the proposition that the clerk may refuse to file the complaint if the summons contains the address of the wrong division]; *Carlson* v. *Department of Fish & Game* (1998) 68 Cal.App.4th 1268 [80 Cal.Rptr.2d 601] [complaint submitted for filing without a "certificate of assignment" required by local rule; clerk erroneously returned the documents; clerk had no authority, either under state law or state rules or local rules, to refuse to file a complaint on that ground].)

As defendant notes, the above authorities all concern the filing of a complaint for the purpose of satisfying the statute of limitations for commencing an action.[4] Here, the problem concerns the clerk's delayed issuance of summons. But we conclude the reasoning of the above cases applies equally to the clerk's issuance of summons. Upon the filing of the complaint and payment of fees, the clerk's issuance of summons is a routine ministerial duty. (Code Civ. Proc., § 412.10 ["After payment of all applicable fees, the plaintiff may have the clerk issue one or more summons for any defendant."]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 912, p. 1094 ["Issuance of a summons is not a judicial act and requires no permission of a court. The summons is issued by the clerk, as a matter of course, on request of the plaintiff. . . . However, the plaintiff must first commence the action by filing the complaint . . . and must pay the filing fee. . . ." (Citations and italics omitted.)]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1998) ¶¶ 4:13-4:16, p. 4-8 [describing the procedure: after plaintiff commences the action and pays the fees, the clerk "will" issue summons upon request; clerk affixes a signature or stamp and the court's seal; copies of the summons are then conformed to show the clerk's signature and date of issuance; the copies are then available for service on the defendants].) Therefore, we agree with plaintiffs that the clerk should have issued the summons on August 12.

Such holding does not conclude the matter in plaintiffs' favor, however. The clerk issued the summons on August 13, but plaintiffs failed to serve the

[4]Indeed, according to the present complaint, the clerk *did* stamp the complaint as filed on August 12.

summons and complaint until August 15. Plaintiffs thus waited two additional days after the clerk issued the summons. This additional delay is fatal to plaintiffs' case and not excusable.

In ordinary lawsuits the deadline for serving summons is later than the deadline for filing the complaint. Delay in service for two years may result in discretionary dismissal of the action. (Code Civ. Proc., §§ 583.410, 583.420, subd. (a)(1).) If service is delayed three years, the court *must* dismiss the action, unless specific statutory exceptions apply. (Code Civ. Proc., §§ 583.210-583.250.)

In Government Code section 66499.37, however, the Legislature expressly required not only that the action be commenced within 90 days, but also that service of summons be effected within the same 90 days. The statutory language makes clear that the service requirement is mandatory. Section 66499.37 provides that any action to which it applies "shall not be maintained" unless the commencement and service requirements are met. It adds that, "[t]hereafter all persons are barred from any such action . . . ."

Therefore, in analyzing the effect of the delayed service of summons in this case, we appropriately look to the law governing mandatory dismissal for delay in serving summons found in Code of Civil Procedure sections 583.210 to 583.250. Similar to Government Code section 66499.37, Code of Civil Procedure section 583.250, subdivision (a)(1) provides that if service is not timely made, "[t]he action shall not be further prosecuted and no further proceedings shall be held . . . ."

Plaintiffs analogize to the exception in Code of Civil Procedure section 583.240, subdivision (d) for time periods in which "[s]ervice, for any . . . reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control." But plaintiffs carry the analogy only half way. We assume for the purpose of discussion that the clerk's refusal to issue summons on August 12 made it "impossible" to serve defendant with summons on that date. But this "impossibility" lasted only one day, until August 13. This means that *one day* is excluded in computing the time within which defendant must be served: "In computing the time within which service must be made pursuant to this article, *there shall be excluded the time during which any of the following conditions existed*: [¶] . . . [¶] Service . . . was impossible." (Code Civ. Proc., § 583.240 & subd. (d), italics added.) Even if we treat the service requirement as tolled for the one day delay by the clerk in issuing summons, plaintiffs waited two additional days, until the 93d day, to effect service. Therefore, plaintiffs missed the deadline for service by two days. (E.g., *Graf* v. *Gaslight* (1990) 225 Cal.App.3d 291, 298 [274 Cal.Rptr. 759].)

Plaintiffs contend they substantially complied with the service requirement by serving defendant with a claim form and attorney letter on August 12. They speculate that defendant therefore knew it was being sued and did not suffer any "prejudice" from the additional delay to August 15 in effecting service. They contend these facts are sufficient to excuse their noncompliance, based on "equitable tolling." These arguments lack merit.

As noted *ante*, the language of Government Code section 66499.37 is mandatory and similar to the language in Code of Civil Procedure section 583.250. By analogy, Government Code section 66499.37 is not subject to "equitable" tolling. (See *Bishop* v. *Silva* (1991) 234 Cal.App.3d 1317, 1321-1323 [285 Cal.Rptr. 910] [in Code Civ. Proc., §§ 583.210 to 583.250, the Legislature intended to overrule the vague "reasonable diligence" standard in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 722 [170 Cal.Rptr. 790, 621 P.2d 829]; exceptions in Code Civ. Proc., § 583.240 should be strictly construed against excuses; whether the defendant had actual knowledge of the lawsuit is irrelevant].)

In any event, serving a governmental tort claim form and an attorney letter referring to an intention to take legal action is not the equivalent of serving a filed complaint and a summons with its warnings that "YOU HAVE BEEN SUED" and that the defendant must respond in 30 days to avoid a default. (Code Civ. Proc., § 412.20; Judicial Council Forms, form 982(a)(9) [summons].)

Finally, the authorities cited by plaintiffs are not on point. The "equitable tolling" cases cited by plaintiffs are ones in which the time for filing a later action was held tolled by the previous reasonable pursuit of a different legal remedy. (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 318-319 [146 Cal.Rptr. 224, 578 P.2d 941]; *Elkins* v. *Derby* (1974) 12 Cal.3d 410, 414 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839]; *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 410 [154 P.2d 399].) Here, Government Code section 66499.37 applied to "any action" plaintiffs might file to challenge the city council's decision. (*Hensler* v. *City of Glendale, supra*, 8 Cal.4th 1, 27.) Nor is this a case in which the governmental defendant, the City of Glendale, committed some act or course of conduct raising equitable estoppel to assert the limitations statute. (Plaintiffs cite *City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 496-497 [91 Cal.Rptr. 23, 476 P.2d 423], and *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 306 [61 Cal.Rptr. 661, 431 P.2d 245].) The rule of narrowly interpreting statutes of limitation (*Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 56 [210 Cal.Rptr. 781, 694 P.2d 1153], cited by plaintiffs) does not apply when the statute is unambiguous and reflects a policy judgment by the Legislature

(*Jordache Enterprises, Inc.* v. *Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 756 [76 Cal.Rptr.2d 749, 958 P.2d 1062]) as here in Government Code section 66499.37 that litigation involving the Subdivision Map Act must be resolved as quickly as possible consistent with due process. (*Hensler* v. *City of Glendale, supra,* 8 Cal.4th at p. 23.)

## DISPOSITION

The order of dismissal is affirmed.

Epstein, J., and Hastings, J., concurred.