[No. B219934. Second Dist., Div. One. Aug. 9, 2010.]

KAROLEEN MITO et al., Plaintiffs and Appellants, v.
TEMPLE RECYCLING CENTER CORPORATION et al., Defendants and
Respondents.

## COUNSEL

Justin G. Lynch for Plaintiffs and Appellants.

Harrington, Foxx, Dubrow & Canter, Mark W. Flory and Vanessa K. Herzog for Defendants and Respondents.

OPINION

**ROTHSCHILD, J.**—Plaintiffs Karoleen and Magda Mito appeal from an order dismissing their complaint with prejudice for failure to file it within the statute of limitations. Plaintiffs presented their complaint for filing to the superior court clerk on July 24, 2008, which date was within the applicable two-year statute of limitations. The clerk rejected it on the ground that plaintiffs failed to attach the "Civil Case Cover Sheet Addendum and Statement of Location" (the Cover Sheet) required by a local court rule. Plaintiffs contend that California Rules of Court, rule 3.220(c), required the clerk to file the complaint despite absence of the Cover Sheet. We agree and reverse the judgment of dismissal and remand the case to the trial court with directions to treat the complaint as filed on July 24, 2008.

## FACTS AND PROCEEDINGS BELOW

On July 24, 2008, Karoleen Mito (Mito) faxed to the Los Angeles Superior Court (LASC) a civil complaint that sought personal injury damages from defendants as a result of a motor vehicle collision on July 26, 2006. The fax included the civil case cover sheet required by California Rules of Court, rule 3.220(a), the complaint, and summons. It did not include the Cover Sheet required by LASC local rule 2.0(d). The clerk of the court stamped the facsimile transmission Cover Sheet "Received Fax Filing July 24, 2008." Because the complaint was not accompanied by the Cover Sheet required by local rules, on July 25, 2008, the clerk rejected it and faxed a "Notice of Rejection-Fax Filing" to Mito.

On July 28, 2008, plaintiffs again faxed the same documents but now included the Cover Sheet required by the local rules. Mito's fax machine generated a "Send Result Report" showing the documents were transmitted to the LASC on July 28, 2008, at 4:15 p.m. The time printed on top of the LASC's copy of the documents shows they were transmitted between 4:16 p.m. and 4:22 p.m. on July 28, 2008. The court clerk stamped the complaint as "FILED" on the following day, July 29, 2008, one day after the applicable limitations period expired.

Based on the LASC's July 29, 2008 filing stamp, defendants demurred and moved to strike the complaint on the ground that the two-year statute of limitations for a personal injury action barred the complaint. (Code Civ. Proc.,

§ 335.1.) At the hearing on the demurrer and motion to strike, the trial court tentatively sustained defendants' demurrer without leave to amend but granted plaintiffs 60 days to file a motion to amend the filing date nunc pro tunc pursuant to California Rules of Court, rule 2.304(d).

As suggested by the court, plaintiffs filed a "Motion To File Complaint Nunc Pro Tunc" contending that they had properly filed the complaint on July 28, 2008, and supported the motion by Mito's declaration regarding transmission of the documents. Defendants opposed the nunc pro tunc motion on the ground that California Rules of Court, rule 2.304(d), requires that "[t]he motion must be accompanied by the transmission record and a proof of transmission in the following form: [¶] 'At the time of transmission I was at least 18 years of age and *not a party to this legal proceeding.*' " (Italics added.) Because Mito was a party to the proceeding, the defendants argued the declaration did not comply with rule 2.304 of the California Rules of Court and therefore could not support the relief requested by plaintiffs. The court agreed with defendants that Mito's declaration failed to comply with rule 2.304(d), denied the motion and dismissed the action with prejudice. Plaintiffs filed a timely appeal.[1]

## DISCUSSION

On appeal, plaintiffs argue that their complaint was timely filed on July 24, 2008, because California Rules of Court, rule 3.220(c), mandated the court clerk to file their complaint on that date even though it lacked the Cover Sheet required by a local rule. Defendants do not dispute that the complaint would be timely if it had been filed on July 24, 2008, or that the July 24 filing complied with state requirements. Rather, they contend plaintiffs forfeited this argument because they did not raise it in the lower court and further, California Rules of Court did not prohibit the clerk from rejecting the complaint.

Although plaintiffs apparently did not present the California Rules of Court, rule 3.220 argument to the court below, we may nevertheless consider it. A court may consider a new theory on appeal when only a question of law is presented on the facts appearing in the record. (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534].) Here, plaintiffs' "Fax" transmission cover

---

[1] Because we have decided, as discussed below, that the court erred in concluding that plaintiffs' July 24, 2008 filing was untimely, we do not address its decision regarding the timeliness of the July 28, 2008 filing.

sheet stamped by the court clerk as received on July 24, 2008, and the "Notice of Rejection," are both in the record, and defendants do not suggest that they have any evidence to challenge that plaintiffs met all the state requirements. Thus, the issue of whether the court clerk had the authority to reject the complaint is a pure question of law. (*Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 357 [127 Cal.Rptr.2d 516, 58 P.3d 367].)

■ Turning to the merits of plaintiffs' argument, we agree that the clerk was required to file their complaint as first presented on July 24. Although LASC local rule 2.0(d), required the Cover Sheet, California Rules of Court, rule 3.220(c), prohibited the court clerk from rejecting the filing for failure to comply with this rule. Rule 3.220(c) states, "If a party that is required to provide a cover sheet under this rule *or a similar local rule* fails to do so or provides a defective or incomplete cover sheet at the time the party's first paper is submitted for filing, the clerk of the court *must* file the paper." (Italics added.) The Judicial Council added subdivision (c) to former rule 982.2 (subsequently renumbered as 3.220) effective January 2002 to address the very problem that occurred in this case: "the refusal of some clerks to file an initial pleading because it is not accompanied by a cover sheet or the sheet is somehow defective." (Judicial Council of Cal., minutes (Oct. 26, 2001) p. 18; see, e.g., *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1270 [80 Cal.Rptr.2d 601] and cases collected in *Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1106–1107 [85 Cal.Rptr.2d 639].)

■ We agree with *Carlson v. Department of Fish & Game, supra,* 68 Cal.App.4th at page 1270: "the local superior court may not condition the filing of a complaint on local rule requirements. Instead, so long as a complaint complies with state requirements, the clerk has a ministerial duty to file." In so holding, we are neither invalidating the local rule nor prohibiting the imposition of appropriate sanctions for failure to comply with the local rule. Rather, we are only holding that the sanction of refusal to initially file the complaint is prohibited by the state rule.

Defendants rely on *Hartford Accident & Indemnity Co. v. Gonzalez* (1994) 31 Cal.App.4th 51 [36 Cal.Rptr.2d 769], for the proposition that the court clerk may refuse to file a complaint if it is submitted without a case information sheet. *Hartford,* however, was decided before the adoption of California Rules of Court, rule 3.220(c), quoted above. Further, as stated in *Carlson,* "[t]he *method* by which such a local rule might permissibly be enforced was not the focus of the *Hartford* decision." (*Carlson v. Department of Fish & Game, supra,* 68 Cal.App.4th at p. 1275.)

## DISPOSITION

The judgment of dismissal is reversed. The cause is remanded to the trial court with directions to overrule the demurrer and to treat the complaint as filed on July 24, 2008. Plaintiffs are awarded their costs on appeal.

Mallano, P. J., and Johnson, J., concurred.