Filed 7/15/14  Aiuto v. City and County of San Francisco CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| VICTOR AIUTO et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendants and Respondents. | A138367 <br><br> (San Francisco City & County Super. Ct. No. CGC-10-502358) |

## I.

## INTRODUCTION

Victor Aiuto and other condominium owners (plaintiffs) own units that are subject to restrictions imposed by the Below Market Rate Condominium Conversion Program (BMR Program) created by the City and County of San Francisco (the City) under authority of the state Subdivision Map Act (Gov. Code, §§ 66410 et seq.) (SMA).[1] Plaintiffs' second amended complaint (SAC) against the City[2] alleges the entire BMR Program is void and unenforceable because the City failed to record adequate documents reflecting the BMR Program restrictions as required by section 27281.5.  Plaintiffs appeal after the trial court granted the City's demurrer to the SAC without leave to amend, concluding plaintiffs' claims were statutorily barred by section 66499.37—which applies

---

[1] All undesignated statutory references are to the Government Code.

[2] The City is sued along with the Mayor's Office of Housing, former Mayor Gavin Newsom, and the San Francisco Board of Supervisors (collectively referred to as the City).

1

a 90-day statute of limitations to actions challenging decisions made by local agencies "concerning a subdivision." We affirm.

## II.

## FACTS AND PROCEDURAL HISTORY

We have fully set out the background of this litigation in our prior opinion in this case, *Aiuto v. City & County of San Francisco* (2011) 201 Cal.App.4th 1347, 1351 (review den. Mar. 21, 2012) (*Aiuto I*). As we explained in *Aiuto I*, "[t]he SMA is 'the primary regulatory control' governing the subdivision of real property in California. [Citation.] Condominium projects are expressly defined as subdivisions within the meaning of the SMA. (§ 66424.) The SMA vests the '[r]egulation and control of the design and improvement of subdivisions' in the legislative bodies of local governments which must promulgate ordinances on the subject. (§ 66411.) Under the SMA, local governments possess the powers necessary to set condominium conversion restrictions. [Citation.]" (*Aiuto I*, at p. 1351.)

As part of its effort to meet the housing needs of all economic segments of the community (§§ 65302, subd. (c), 65583, subd. (c)), the City adopted the BMR Program in 1979 pursuant to its authority under the SMA to provide " 'opportunities for homeownership while preserving and expanding the supply of low- and moderate-income housing.' (S.F. Subd. Code § 1344(b)(3).)" (*Aiuto I*, *supra*, 201 Cal.App.4th at p. 1351.) The BMR Program, reflected in sections 1341 and 1385 of the City's Subdivision Code, required property owners seeking to convert their apartments into condominiums to set aside a certain number of their units for the BMR program. (*Aiuto I*, at p. 1351.) The purpose of conditioning approval of the subdivision in this way was to restrict the sales and rental prices of each affected unit to ensure the affected units would remain available for purchase by low- to moderate-income households. (*Ibid.*)

In 2008 a dispute arose between the City and several owners of BMR units regarding whether the BMR program restrictions lasted in perpetuity, or only for 20 years. In response, on December 19, 2008, the City adopted an ordinance which

amended sections 1341 and 1385 and added a new section 1344 to the City's Subdivision Code (2008 ordinance). (*Aiuto I*, *supra*, 201 Cal.App.4th at p. 1351.)

On May 13, 2009, five months after the City adopted the 2008 ordinance, plaintiffs filed their complaint challenging the City's adoption of the 2008 ordinance and its alleged mismanagement of the BMR program. (*Aiuto I*, *supra*, 201 Cal.App.4th at p. 1352.) The original filing was in federal court and was dismissed pursuant to the City's motion after the plaintiffs failed to amend their claim under 42 United States Code section 1983, having been granted leave to amend as to that cause of action. (*Aiuto I*, at p. 1352.) On August 6, 2010, three months after their federal case was dismissed, plaintiffs filed their complaint in San Francisco Superior Court making a facial challenge to the 2008 ordinance. Plaintiffs asserted three claims for relief: (1) regulatory taking; (2) state law preemption; and (3) civil rights violations. (*Id.* at pp. 1352-1353.)

On September 10, 2010, plaintiffs filed a motion for preliminary injunction seeking to toll certain deadlines that were part of the 2008 ordinance. (*Aiuto I*, *supra*, 201 Cal.App.4th at p. 1353.) The court heard plaintiffs' motion for a preliminary injunction and concluded that plaintiffs had met their burden of establishing a reasonable probability of success on the merits. (*Id.* at p. 1354.) In conjunction with that ruling, the court found that section 66499.37—which would have required plaintiffs' facial challenge to the 2008 ordinance to be filed within 90 days of its adoption—did not apply to plaintiffs' claims. (*Aiuto I*, at p. 1354.) Having resolved the statute of limitations issue, the court then issued its order granting plaintiffs a preliminary injunction. (*Ibid.*) The City sought review of the issuance of the preliminary injunction by direct appeal and writ relief. (*Ibid.*)

The City's appeal and writ were consolidated for decision, and in *Aiuto I*, *supra*, 201 Cal.App.4th 1347, this court reversed the trial court's order granting plaintiffs a preliminary injunction. In doing so, this court agreed with the City that section 66499.37, the statute of limitations governing any subdivision-related decision under the SMA, required plaintiffs to assert their challenge to the 2008 ordinance within 90 days of its enactment. (*Aiuto I*, *supra*, 201 Cal.App.4th at pp. 1350-1351, 1360-1361.) Because

3

plaintiffs' claims were filed after the 90-day window had closed, plaintiffs did not show a likelihood of success on the merits of their claims, and the trial court should not have granted injunctive relief. (*Ibid.*)

While *Aiuto I* was pending, plaintiffs amended their complaint to allege numerous new causes of action. (201 Cal.App.4th at p. 1361, fn. 10.) For purposes of this appeal, we focus on plaintiffs' SAC and their sole argument that they alleged sufficient facts to assert a viable claim for their first cause of action entitled "Inadequate Recording." This cause of action alleged that the City "imposed restrictions upon the real property owned by plaintiffs through its Subdivision Code" restricting, among other things, plaintiffs' ability "to convey and rent their homes." Plaintiffs further alleged that in imposing the BMR Program restrictions on their property, the City violated section 27281.5, which required the City to record the restrictions, with the restricted property "particularly described" so as to provide "constructive notice of the restriction."[3] Plaintiffs alleged the City "failed to set forth these restrictions in a recorded document particularly describing plaintiffs' properties," nor did the City "record a document which describes plaintiffs' properties and which refers by page and book number to a separately recorded document

_____

[3] Section 27281.5 reads in full: "(a) Any restriction imposed upon real property on or after January 1, 1982, which restricts either the ability of the owner of real property to convey the real property or the owner of a proprietary leasehold interest to convey such interest and which is imposed by a municipal or governmental entity on real property or a proprietary leasehold interest which is not owned by the municipal or governmental entity, shall be specifically set forth in a recorded document which particularly describes the real property restricted in order to impart constructive notice of the restriction, or shall be referenced in a recorded document which particularly describes the real property restricted and which refers by page and book number to a separately recorded document in which the restriction is set forth in full.

"(b) Any restriction on the ability of a person to convey real property which is subject to subdivision (a) shall be valid and enforceable only when the requirements contained in subdivision (a) have been met.

"(c) Nothing in this section shall be construed, either directly or by implication, to enhance, diminish, or authorize any municipal or governmental entity to impose a restriction on the ability of a person to convey real property or a proprietary leasehold interest."

4

in which the restriction is set forth in full." Consequently, plaintiffs alleged "the rental, resale and other restrictions placed [by the BMR Program] on plaintiffs' homes are not valid or enforceable."

The City filed a demurrer, again raising the issue of the 90-day statute of limitations in section 66499.37. The City invoked the language of *Aiuto I* that the "90-day limitations period . . . is expressly made applicable to any action 'to determine the reasonableness, legality, or validity' of any subdivision condition . . . .' " (201 Cal.App.4th at p. 1357.) The City argued plaintiffs' cause of action for "Inadequate Recording" was time-barred because "[n]one of the Plaintiffs challenged the restrictions imposed by the BMR Program within 90 days of the imposition of the Program's restriction's on their properties."

As an alternative argument, the City claimed that *even if* plaintiffs' claim was timely, it should be rejected as a matter of law. The City requested the trial court take judicial notice of documentary evidence which purported to show the "the subdivision maps recorded for Plaintiffs' properties contain the program restrictions, providing the constructive notice contemplated under § 27281.5." The City claimed the statutory requirements were fulfilled because the "restrictions of the BMR Program are thus 'set forth in a recorded document'—the subdivision maps—which 'particularly describe[] the real property.' "

Plaintiffs opposed the demurrer, claiming this action was not subject to the 90-day statute of limitations of section 66499.37 because it was not for the purpose of attacking a government decision "concerning a subdivision . . . or to determine the reasonableness, legality, or validity of any condition attached thereto . . . ." Instead, plaintiffs argued it was merely presents a "claim seeking a declaration that no recorded document restricts a plaintiff's right to convey their property." Plaintiffs also contended there was a factual dispute whether the "special notes" on the recorded subdivision maps complied with section 27281.5's requirements, making it inappropriate for resolution by demurrer.

Following a hearing, the trial court found the changes plaintiffs made in their SAC alleging a new cause of action for "Inadequate Recording" amounted to nothing more

than a rearticulation of the identical issues resolved by this court in *Aiuto I*. The court observed the changes did not alter the substantive purpose of plaintiffs' pleadings, which amounted to a legal challenge seeking to invalidate acts or decisions taken pursuant to ordinances enacted under the SMA. When this matter was argued, the court observed, "[w]ell, it seems to me that anything you wish to add . . . however it's styled that these restrictions are no good, be it invalid or illegal, is barred by the [90-day] statute of limitations." The court also found, in the alternative, that even if this case was not time-barred, "as recorded, the documents comply with Government Code Section 27281.5 . . . ."[4] Accordingly, the trial court granted the City's demurrer without leave to amend and dismissed plaintiffs' action against the City. This appeal followed.

## III.
## DISCUSSION

### A.    *Standard of Review*

On appeal from an order dismissing a complaint after the sustaining of a demurrer, we independently review the pleading to determine whether the facts alleged state a cause of action under any possible legal theory. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 998.) After reviewing the allegations of the complaint and the matters properly subject to judicial notice,[5] we exercise our independent judgment as to whether the complaint states a cause of action as a matter of law. (*Tucker v. Pacific Bell Mobile Services* (2012) 208 Cal.App.4th 201, 210.) We give the complaint a reasonable interpretation, treating the

---

[4] Because we affirm the trial court's ruling that this action was untimely based on the applicable statute of limitations, we find it unnecessary to address the court's alternative holding that, as a matter of law, the City complied with section 27281.5's requirements.

[5] While this case was being briefed, the City filed a motion asking this court to take judicial notice of certain documents. We deferred ruling on the motion until a decision on the merits of the case. The documents in question are not relevant to our analysis. Judicial notice is therefore denied. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063, overruled on another point in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.)

6

demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

When, as here, the facts are not in dispute, application of the statute of limitations is a question of law subject to de novo review. (*International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611-612; *Aiuto I*, *supra*, 201 Cal.App.4th at p. 1355.)

**B.      *Applicability of Section 66499.37***

The City asserts, and the court found, that section 66499.37 of the SMA determines the limitations period which governs plaintiffs' claim that the City failed "to comply with California law and record the specific restrictions applicable to BMR units," as required by section 27281.5. Plaintiffs insist the court "mistakenly" applied section 66499.37, because this is a "valid claim[] for quiet title based on Section 27281.5 and the case law is clear that no statue of limitations bars such claims."

Section 66499.37 provides, "Any action or proceeding to attack, review, set aside, void, or annul the decision of [a] . . . legislative body concerning a subdivision, or of any of the proceedings, acts, or determinations taken, done, or made prior to the decision, or to determine the reasonableness, legality, or validity of any condition attached thereto, including, but not limited to, the approval of a tentative map or final map, shall not be maintained by any person unless the action or proceeding is commenced and service of summons effected within 90 days after the date of the decision . . . ."

The Legislature intended the 90-day service of summons requirement in section 66499.37 to operate as a statute of limitations. (*Sprague v. City of San Diego* (2003) 106 Cal.App.4th 119, 128.) This requirement is mandatory. (*Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1108.) Where an action is not filed or served within the time required by section 66499.37, it must be dismissed. (*Ibid*.)

The Legislature also intended section 66499.37 to be applied broadly. We stressed this point in *Aiuto I*, *supra*, 201 Cal.App.4th 1347, relying heavily on the California Supreme Court's seminal decision in *Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 23

7

(*Hensler*). *Aiuto I* explains, " 'Section 66499.37 was enacted to ensure that *any* challenge to local legislative or administrative acts or decisions taken pursuant to ordinances enacted under the authority of the Subdivision Map Act will be brought promptly.' " [Citation.] The [*Hensler*] court pointed out that every appellate decision which had considered the issue in a case involving a controversy related to a subdivision had held that section 66499.37 was applicable no matter what the form of the action. [Citation.] The key factor was that in each of these cases, whatever wrong was claimed in the complaint or whatever relief was sought, the gravamen of the complaint was an attack on a subdivision-related decision under the SMA. [Citations.]" (201 Cal.App.4th at p. 1358, original italics.)

In *Aiuto I*, *supra*, 201 Cal.App.4th 1347, this court determined that the 90-day statute of limitations of section 66499.37 applied to an earlier complaint filed in this action raising claims whereby "plaintiffs seek to set aside an ordinance enacted by the City under its authority to regulate condominium conversions pursuant to the SMA. (§ 66411.) As our Supreme Court has directed, 'if this is a claim arising out of application of a land-use regulation authorized by [the SMA], section 66499.37 applies.' [Citation.]" (*Id.* at p. 1359, fn. omitted.) "Consequently, regardless of the nature of or label attached to the action challenging the legislative body's subdivision-related decision, the action is governed by section 66499.37." (*Presenting Jamul v. Board of Supervisors* (1991) 231 Cal.App.3d 665, 671.)

Ignoring the significance of this language, plaintiffs insist "[w]here the right being pursued lies in a statute or law outside of the SMA and its statutory scheme, however, the courts . . . have declined to apply Section 66499.37." However, the authority relied on by plaintiffs does not support such a broad proposition. For instance, in *Legacy Group v. City of Wasco* (2003) 106 Cal.App.4th 1305, the developers' claim that the City of Wasco had breached development contracts by refusing to approve final subdivision tract maps was subject to the 90-day limitations period set forth in section 66499.37, not the longer limitations period normally applicable to contract claims. (*Id.* at pp. 1313-1314.) In the course of that analysis, the Court of Appeal also addressed whether a claim for

8

breach of a development agreement is subject to section 66499.37. (*Id.* at pp. 1311-1312.) The court found that claim did not arise under or relate to action taken pursuant to the SMA, and thus was not governed by the 90-day limitation period. (*Ibid.*)

The other cases cited by plaintiffs are also distinguishable, because none involved a decision arising under the SMA. (See *Uniwill v. City of Los Angeles* (2004) 124 Cal.App.4th 537, 543-544 [easement requirement after city had approved a tentative tract map did not arise under SMA]; *Donohue v. Santa Paula West Mobile Home Park* (1996) 47 Cal.App.4th 1168, 1173-1174 [claim that local rent control ordinance could be applied to property not subject to section 66499.37]; *Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356 [§ 66499.37 never mentioned in decision].)

In the end, while plaintiffs seek to characterize this as a simple action "seek[ing] to quiet the [plaintiffs'] title of adverse claims made by the City," we believe the claims made in this case are, in essence, similar to the claims asserted in *Aiuto I*, *Hensler*, and other cases applying section 66499.37. That is to say, plaintiffs' claims arise out of land use restrictions authorized by the SMA and challenge the validity and enforceability of conditions imposed on a subdivision, which required approval of a subdivision map. Thus, section 66499.37 applies. As our Supreme Court has stated, "[T]he 'clear language' of section 66499.37 'manifests a legislative purpose that a *decision* such as that of the City, *approving a subdivision map* and attaching a condition thereto, shall be judicially attacked within [the limitation period of section 66499.37], or not at all.' (Original italics.)" (*Hensler*, *supra*, 8 Cal.4th at p. 27.) Accordingly, we agree with the trial court that plaintiffs' cause of action for "Inadequate Recording" was subject to the 90-day limitations period set forth in section 66499.37, not the longer limitations period

9

normally applicable to quiet title claims. (See *Ankoanda v. Walker-Smith* (1996) 44 Cal.App.4th 610, 615.)[6]

## IV.
## DISPOSITION

The judgment is affirmed. Costs on appeal to the City.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.

---

[6] While we conclude the trial court correctly deemed the relevant cause of action for inadequate recording time-barred by section 66499.37, we express no opinion with respect to the outcome of litigation involving different parties, such as future purchasers of the restricted properties, who assert causes of action under section 27281.5.