Filed 11/12/24  Martin v. Brazell CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EBONEE S. MARTIN, et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>RONALD BRAZELL, et al.,<br><br>    Defendants and Respondents. | A169770<br><br>(Solano County Super. Ct.<br> No. CU23-00315) |

Plaintiffs Ebonee S. Martin and Shronna Martin (collectively, plaintiffs) appeal from the trial court's order sustaining the demurrer of defendants and respondents Ronald Brazell and Terry L. Brazell (collectively, defendants) without leave to amend.  The court held that plaintiffs' action was time-barred because the complaint was filed 11 days after the two-year statute of limitations expired.  We disagree.  Plaintiffs timely presented their complaint for filing but had to re-file it after the clerk rejected their first filing on the ground that the civil case cover sheet was defective.  Plaintiffs contend that their action is not time-barred because the clerk was required to file the complaint when they initially submitted it for filing.  We agree and reverse.

1

# I. BACKGROUND

On March 7, 2023, plaintiffs submitted a complaint for negligence and wrongful death to the superior court clerk for filing.  The complaint alleged March 11, 2021 as the date of loss.  A summons and civil case cover sheet accompanied the complaint.  The clerk file-stamped the complaint as received on March 7, 2023.  On March 14, 2023, the clerk returned these documents to plaintiffs with a notice informing them that only one box instead of two should have been checked in a section of the civil case cover sheet.  Plaintiffs corrected the purported error and refiled the complaint on March 22, 2023.

Defendants filed a demurrer, contending that plaintiffs' entire action was time-barred because the complaint was filed 11 days after the applicable two-year statute of limitations had expired on March 11, 2023.  Plaintiffs countered that it would be unfair for the trial court to find their claims untimely because they submitted their complaint for filing before the limitations period ran and that submission was only rejected due to a defect in the civil case cover sheet.  Plaintiffs did not, however, cite any legal authorities in their opposition.  The court agreed with defendants and sustained the demurrer without leave to amend.  Plaintiffs timely appealed.[1]

# II. DISCUSSION

We review an order sustaining a demurrer de novo and exercise our independent judgment as to whether the complaint states a cause of action as a matter of law.  (*Moore v. Regents of University of California* (1990)

---

[1] As a preliminary matter, we remind plaintiffs that an order sustaining a demurrer is not directly appealable; the appeal must be taken from the subsequent judgment of dismissal.  Defendants do not, however, challenge the propriety of the appeal.  We therefore deem the order sustaining the demurrer as incorporating a judgment of dismissal in the interests of justice. (*Conley v. Roman Catholic Archbishop* (2000) 85 Cal.App.4th 1126, 1130.)

51 Cal.3d 120, 125.) This extends "even as to matters not expressly ruled upon by the trial court." (*Hayter Trucking, Inc. v. Shell Western E&P, Inc.* (1993) 18 Cal.App.4th 1, 13.)

As an initial matter, defendants contend that plaintiffs cannot present any new authorities or theories for the first time on appeal. We disagree. "An appellate court may [] consider new theories on appeal from the sustaining of a demurrer" because "[a] demurrer is directed to the face of a complaint [citation] and [] raises only questions of law." (*B&P Dev. Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.) Accordingly, we exercise our discretion and consider plaintiffs' new arguments.

As plaintiffs point out, California Rules of Court, rule 3.220, subdivision (c) requires that a court clerk file a complaint even if it is accompanied by a defective or incomplete civil case cover sheet. Therefore, the clerk erred when it refused to file plaintiffs' complaint on March 7, 2023—the date plaintiff initially submitted it for filing. The appropriate remedy for this error is to treat the complaint as filed on March 7, 2023. (See *Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774, 778 (*Rojas*); *Mito v. Temple Recycling Center Corp.* (2010) 187 Cal.App.4th 276, 281 (*Mito*).) Thus, plaintiffs' complaint is timely because it should be deemed to have been filed before the limitations period expired on March 11, 2023.

Defendants counter that the clerk's error presents, at most, a tolling issue. According to defendants, that error could only have tolled the statute of limitations for the period of time that plaintiffs were not aware of the clerk's rejection of their initial filing. Thus, the error only tolled the limitations period for seven days—from March 7, the date of the initial filing by plaintiffs, until March 14, the date that the clerk issued the notice of returned documents. Because plaintiffs waited until March 22—eight days

3

after the clerk sent the notice—to refile their complaint, defendants argue that plaintiffs' refiled complaint was untimely notwithstanding the clerk's error.[2]  But as of March 7, plaintiffs had taken *every* action necessary to comply with the statute of limitations.  Because plaintiffs did not need to do anything else to avoid the statute of limitations bar, tolling serves no purpose here.  This is why the case law establishes that the clerk's error in this case— the mistaken rejection of a complaint based on a defect in the civil cover sheet—presents a constructive filing and not a tolling issue.  (*Rojas*, *supra*, 67 Cal.App.4th at p. 778; *Mito*, *supra*, 187 Cal.App.4th at p. 281.)

*Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, the lone case cited by defendants, is inapposite.  In *Maginn*, the plaintiffs had to file their complaint *and* serve the summons on or by August 12.  (*Id.* at p. 1105.)  On August 12, the plaintiffs filed their complaint, but the clerk erroneously waited until the next day to issue the summons.  (*Ibid.*)  The plaintiffs then waited two additional two days before serving the summons on August 15.  (*Id.* at p. 1106.)  The court of appeal held that "[t]his additional delay is fatal to plaintiffs' case and not excusable."  (*Id.* at p. 1108.)  In rejecting the plaintiffs' tolling argument, the court held that even if the service deadline was tolled for one day due to the clerk's delay, the plaintiffs still "missed the deadline for service by two days."  (*Ibid.*)  By contrast, plaintiffs did not miss any deadline.  By *timely* submitting their complaint for filing on March 7, 2023, they did everything they needed to do to avoid the limitations bar.  Thus, plaintiffs' failure to timely file their complaint was due *solely* to the clerk's error.  Accordingly, we deem plaintiffs' complaint to have been

---

[2] We note that the clerk did not issue the notice of returned documents to plaintiffs until after the limitations period had expired, and it is not clear when plaintiffs actually received that notice.

constructively filed on March 7—four days before the expiration of the limitation period.

## III.  <u>DISPOSITION</u>

The judgment is reversed and remanded, with directions to the trial court to overrule the demurrer and to treat the complaint as filed on March 7, 2023.  Plaintiffs are awarded their costs on appeal.

CHOU, J.

We concur.

SIMONS, Acting P.J.
BURNS, J.

(A169770)

5