Filed 1/13/23 Beauchesne v. Schmidt CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD BEAUCHESNE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JEANNE SCHMIDT,<br><br>    Defendant and Respondent. | H047448<br>(Santa Clara County<br>Super. Ct. No. 2015-1-CV-287472) |
| RICHARD BEAUCHESNE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THOMAS KENEFICK,<br><br>    Defendant and Respondent. | H047861<br>(Santa Clara County<br>Super. Ct. No. 2015-1-CV-287472) |

Plaintiff Richard Beauchesne appeals from a May 8, 2019 judgment following a September 2, 2016 order striking his first amended complaint and sustaining defendant Jeanne Schmidt's demurrer to the complaint without leave to amend. Beauchesne also appeals the December 3, 2019 order on his motion to vacate the order granting defendant Thomas Kenefick's motions to quash. Finding no error, we affirm both orders.

# I. BACKGROUND[1]

## A. *Dissolution Proceeding*

On August 19, 2009, Beauchesne's then-wife petitioned for dissolution of marriage. On August 5, 2011, on Beauchesne's ex parte application, the family court appointed Jeanne Schmidt, Beauchesne's sister, as his guardian ad litem in the dissolution action. Schmidt remained in that role until July 25, 2016. Defendant Bradford Baugh had represented Beauchesne but was permitted to withdraw as Beauchesne's counsel on April 29, 2013. Baugh thereafter represented Schmidt in her capacity as guardian ad litem, with the consent of the family court, upon his representation that Beauchesne and Schmidt had waived any conflict. Attorney Paul Nesse thereafter represented Beauchesne until at least December 13, 2013, when Nesse too sought to withdraw as counsel.

## B. *2014 Civil Lawsuit*

On April 23, 2014, 51 weeks after Baugh had withdrawn from representation of Beauchesne, Beauchesne filed a civil lawsuit against Baugh, Schmidt, and Kenefick. Beauchesne alleged causes of action for negligence, intentional tort, and fraud against all three and prayed for exemplary damages. The gravamen of his complaint was (1) that attorneys Baugh and Kenefick had engaged in legal malpractice in their discharge of duties owed to him in connection with the dissolution, including their failure to obtain waivers of conflict and of statutory and other rights; (2) that Schmidt was negligent in the discharge of her duties to him as his guardian ad litem and "de facto conservator" by waiving his statutory rights in the dissolution without his authorization; (3) that all had deprived him of property and property rights, including by conversion of property to their

---

[1] We take the background from our prior opinion in *Beauchesne v. Baugh* (May 25, 2022, H047054) [nonpub. opn.] with additions from the complaint and procedural history that are relevant to these appeals. On our own motion, we take judicial notice of that prior opinion. (Evid. Code, §§ 452, subd. (d), 459.)

own use and by payment to Baugh of "illegal" fees to which he was not entitled; (4) that all had engaged in intentional and negligent misrepresentation and concealment, including by promises without intent to perform; and (5) that Baugh "regularly and routinely placed his own interests in . . . fees ahead of [p]laintiff's."

Beauchesne filed a first amended complaint on January 20, 2015. The parties disagreed as to whether the first amended complaint operated as a dismissal of Baugh because it was titled " 'First Amended Complaint Against Defendant Jeanne Schmidt.' " On April 29, 2015, Beauchesne dismissed Schmidt from the lawsuit without prejudice.

On January 30, 2017, the court on Baugh's motion dismissed the entire action without prejudice.

C.   *2015 Civil Lawsuit*

Beauchesne filed a complaint in a new action on October 29, 2015, against the same defendants named in his 2014 lawsuit: Baugh, Schmidt, and Kenefick. The complaint, which incorporates by reference the 2014 complaint, attached as an exhibit, comprises the following causes of action: (1) fraud; (2) negligence; (3) conversion and civil extortion; (4) elder abuse; and (5) conspiracy with attorney(s).

Elaborating on his 2014 theory that Schmidt became his *de facto* conservator upon her appointment as guardian ad litem in the dissolution case, Beauchesne alleges that Schmidt engaged in a number of fraudulent and malicious activities, including: (1) paying Baugh attorney fees and costs to which he was not entitled; (2) paying certain purported obligations of Beauchesne that should not have been paid; (3) refusing to invest Beauchesne's funds as a prudent person and conservator would; (4) refusing to return money to Beauchesne despite his demand; (5) refusing to return personal property to Beauchesne; (6) refusing to act when informed that Baugh had lied to the judge in the dissolution proceeding; (7) ceding her obligations as guardian ad litem and conservator to Kenefick, her lawyer-boyfriend-fiancé; (8) permitting Kenefick to review Beauchesne's medical records; (9) falsely representing to the judge in the dissolution proceeding that

3

Baugh did not represent her; (10) violating a court order that certain information be submitted only to the court in the dissolution proceeding; (11) serving without a conservator's bond; (12) failing to assert claims against Baugh on Beauchesne's behalf; (13) failing to obtain probate court approval of an August 2012 dissolution settlement agreement; (14) submitting proposed judgments to the court without Beauchesne's approval; (15) refusing to appeal the judgments; (16) refusing to send money that Beauchesne needed to pay rent; (17) agreeing to be named the beneficiary of an insurance policy on the life of Beauchesne's ex-wife that had been intended to secure the ex-wife's obligation to pay spousal support; and (18) agreeing that she would seek a conservatorship of Beauchesne and that she would serve as conservator.

Beauchesne alleges Baugh and Kenefick conspired with Schmidt in committing these acts. He alleges that "Kenefick, who is licensed as an attorney in Massachusetts, also undertook to represent Plaintiff in the Dissolution of Marriage proceeding. And since Kenefick is Defendant Schmidt's boyfriend and supposed fiancé, Kenefick stood to potentially gain financially from any financial gains reaped by Defendant Schmidt."

In June 2016, Schmidt filed a demurrer to the 2015 complaint. Beauchesne's only argument in opposition to the demurrer was that Schmidt had failed to meet and confer. The day before the hearing on the demurrer, Beauchesne filed a first amended complaint. The trial court sustained the demurrer on the basis that Beauchesne had failed to file any opposition papers and had "failed to present any credible opposition at the hearing," and that there was "good cause appearing from the papers filed in support of [Schmidt's] demurrer."[2] In its order sustaining the demurrer without leave to amend, the trial court also struck the first amended complaint because it had been filed untimely and without leave of court. The court entered judgment in favor of Schmidt on May 8, 2019.

---

[2] It is not apparent from the record why the trial court stated that Beauchesne had not filed any papers in opposition to the demurrer. Beauchesne filed an opposition, albeit brief and nonsubstantive, on July 8, 2016.

4

In 2016, Kenefick filed motions to quash in both the 2014 and 2015 lawsuits, which the trial court consolidated for hearing. The trial court first declined to consider a "supplemental" opposition Beauchesne filed August 5, 2016, in the 2015 action. In discussing whether personal jurisdiction existed over Kenefick, the court noted that the jurisdictional facts stated in Beauchesne's and Kenefick's declarations conflicted; the court found "Kenefick's version of events to be more plausible and persuasive." It therefore granted both motions to quash.

On November 9, 2019, Beauchesne moved for an order vacating the order granting Kenefick's motions to quash. Beauchesne stated the motion was made on the following grounds: "(1) That the Court's September 2, 2016, Order is void and must be set aside/vacated pursuant to CCP §473(d); (2) That the Order was obtained through Defendant Thomas Kenefick's 'fraud on the Court;" (3) That the Court has the statutory authority under CCP§128(8) 'to amend and control its process and orders so as to make them conform to law and justice. . . .'; (4) That the Court should exercise its inherent authority and powers to preserve and protect the integrity of the judicial process by setting aside/vacating the September 2, 2016, Order obtained through Defendant Thomas Kenefick's extrinsic fraud; and (5) That, in his deposition taken in this matter on May 22, 2019, in Pittsfield, MA, Defendant Thomas Kenefick effectively conceded that this Court has personal jurisdiction over him in this action; such concession was made by Defendant Kenefick in May, 2019, when he acknowledged that he represented at least Jeanne Schmidt – in the Beauchesne marital dissolution proceeding – in her capacities as [guardian ad litem and trustee]." The trial court denied the motion.

Beauchesne timely appealed both orders. On our own motion we have ordered the two appeals considered together in one opinion.

5

## II.    DISCUSSION

**A.    *Demurrer***

Beauchesne argues that the judgment is corrupt because it was entered without any " 'notice of a motion to dismiss or intention to dismiss and without any hearing or opportunity to be heard' " and because no notice of entry of judgment was sent by the clerk of the court or any party.  He also contends that the appointment of a guardian ad litem for him in a different legal proceeding should have stayed his 2015 lawsuit until the August 24, 2016 order terminating his guardianship ad litem, which Beauchesne asserts marked the restoration of his competency for all purposes.  We reject both contentions.

**1.    *Legal Standard***

We review de novo a trial court's order sustaining a demurrer.  (*T.H. v. Novartis Pharmaceuticals  Corp.* (2017) 4 Cal.5th 145, 162.)  In the exercise of our independent judgment, "we accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law.  We may also consider matters subject to judicial notice." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable  possibility  that the defect can be cured by amendment . . . ."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  If it can be, the trial court has abused its discretion. (*Ibid*.)  However, "[t]he burden of proving such reasonable possibility is squarely on the plaintiff."  (*Ibid*.)

**2.    *Discussion***

The first of Beauchesne's two main arguments is that the May 8, 2019 judgment is corrupt because there was no "notice of a motion to dismiss or intention to dismiss." Code of Civil Procedure section 581[3] provides that the court may dismiss the complaint

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

6

as to a defendant in certain circumstances, including "after a demurrer to the complaint is sustained without leave to amend and either party moves for dismissal." (§ 581, subd. (f)(1).) But "[o]rdinarily, in the absence of a request for a reconsideration, after a demurrer is sustained without leave to amend, … no formal motion to dismiss the action is necessary. The entry of a judgment of dismissal follows as a matter of course." (*Berri v. Superior Court In and For City and County of San Francisco* (1955) 43 Cal.2d 856, 860 (*Berri*).)[4]

Beauchesne relies on *Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761 (*Vaccaro*), in which the defendants moved to strike the first amended complaint under section 128.7, subdivision (a) and section 436, because the plaintiff's attorney had neglected to sign it. (*Vaccaro*, *supra*, 63 Cal.App.4th at p. 763.) The plaintiff's attorney signed and filed a copy of the first amended complaint before the hearing on the motion to strike, but the court granted the motion and denied leave to amend on the ground that the attorney had not acted " "promptly,' " and dismissed the plaintiff's action with prejudice—despite the absence of any such request by the defendants or prior notice by the court. (*Ibid*.) The appellate court, in reversing the judgment of dismissal, stated that the trial court had acted "hastily and unreasonably" and cited to section 581, subdivision (f)(3), which states that a court may dismiss the complaint as to a defendant " '[a]fter a motion to strike the whole of a complaint is granted without leave to amend *and either party moves for dismissal*.' " The *Vaccaro* court noted that "defendants had not requested dismissal in the motion to

---

[4] "It is only by the entry of the judgment that plaintiff is in a position to test the correctness of the court's ruling since there is no appeal from a ruling on a demurrer but only from the ensuing judgment." (*Berri*, *supra*, 43 Cal.2d at p. 860.) Even where there has been no judgment at all, "when the trial court has sustained a demurrer to all of the complaint's causes of action, appellate courts may deem the order to incorporate a judgment of dismissal, since all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment." (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.)

7

strike nor had the court given any prior notice it intended to dismiss." (*Vaccaro*, *supra*, 63 Cal.App.4th at pp. 768-769.)

We do not find *Vaccaro* to be controlling. First, unlike the defendants in *Vaccaro*, Schmidt had in fact expressly argued for dismissal in the memorandum of points and authorities in support of her demurrer. Second, beyond section 581, the reviewing court in *Vaccaro* relied principally on the curable nature of the defect there at issue. (*Vaccaro*, *supra*, 63 Cal.App.4th at p. 768.) Given the curable nature of that technical defect, *Vaccaro* did not address the California Supreme Court's earlier ruling in *Berri*. Rather, the *Vaccaro* court relied on *Reid v. Balter* (1993) 14 Cal.App.4th 1186 (*Reid*), in which the trial court—without notice—dismissed the action as a sanction for plaintiffs' failure to appear for a status conference. (*Id.* at pp. 1193-1194.) Because *Reid* involved neither a demurrer sustained without leave to amend nor section 581, it therefore supports the *Vaccaro* court's holding only to the limited extent that a plaintiff should normally be given notice prior to the dismissal of the case.

Even if we were to find some procedural irregularity here, Beauchesne does not assert he suffered any prejudice. There can be no reversal "unless an error was prejudicial and a different result was likely in the absence of the error. Prejudice is not presumed." (*In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262, 1269.)

Beauchesne's second, and more extensive, argument is that the appointment of a guardian ad litem in the dissolution case was a judicial determination of incompetency, which should have resulted in a stay of the proceedings in this action until Beauchesne was restored to competency in 2016. Beauchesne made essentially the same argument in his previous appeal, in which he relied on sections 340.6 and 352 to contend that the appointment of Schmidt as guardian ad litem in his family proceeding tolled the time period for him to commence the instant lawsuit.[5] As we then noted, the appointment of a

---

[5] Section 340.6 provides that "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services

guardian ad litem is not a determination of incapacity for all purposes but is unique to the litigation in which the court makes the appointment. (§ 372, subd. (a)(1); *Regency Health Services, Inc. v. Superior Court* (1998) 64 Cal.App.4th 1496, 1498, fn. 2; *Poaster v. Superior Court* (1993) 20 Cal.App.4th 948, 951 [the status of guardian ad litem exists only in that specific litigation in which the appointment occurs].) " 'In the absence of a conflict of interest, . . . the appointment [of a guardian ad litem] is usually made on application only and involves little exercise of discretion. [Citation.]' [Citation.]" (*In re Marriage of Caballero* (1994) 27 Cal.App.4th 1139, 1149).

Beauchesne accordingly specified on the face of his application for Schmidt's appointment that his unexplained disability was limited to "handling this matter" only, and the application was handled as an apparently ministerial matter, solely on Beauchesne's conclusory representation that he "need[ed] someone to make decisions on settlement or trial of issues, see to it his assets are gathered and debts are paid." We concluded that it was Beauchesne's actual capacity, not the appointment of a guardian ad litem for his dissolution, that controlled, and that Beauchesne had not demonstrated or even alleged any actual incapacity.

The record in this appeal reflects no facts or allegations that would merit a different conclusion. As a threshold matter, Beauchesne never asked the trial court to appoint a guardian ad litem in this civil litigation he himself initiated. Beauchesne made no allegation in his 2014 complaint or any iteration of his 2015 complaint of any inability

---

shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act of omission, whichever occurs first." (§ 340.6, subd. (a).) Subdivision (a)(4) of section 340.6 provides that the time period to commence a legal action under section 340.6 is tolled when "[t]he plaintiff is under a legal or physical disability that restricts the plaintiff's ability to commence legal action." Section 352 states, in relevant part, that if a person lacks the legal capacity to make decisions at the time a cause of action accrues, "the time of the disability is not part of the time limited for the commencement of the action." (§ 352, subd. (a).)

9

to competently prosecute his civil claims; he has made no suggestion that whatever incapacity led to his seeking Schmidt's appointment as guardian ad litem in his dissolution matter impaired his ability to proceed without a guardian ad litem in the civil litigation he had initiated. As we did in Beauchesne's prior appeal, we again conclude that the appointment of a guardian ad litem in Beauchesne's dissolution case has no impact on the instant lawsuit and did not require the trial court to stay this case or take any other action.

As a final matter, Beauchesne appears to contend that the trial court should have given him leave to amend when sustaining the demurrer. "The burden is on the plaintiff to demonstrate the manner in which the complaint can be amended." (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 748.) Having filed no substantive opposition to the demurrer, Beauchesne failed to meet his burden in this respect.

## B.    *Motion to Vacate*[6]

Beauchesne appeals the December 3, 2019, order on his motion to vacate the order on Kenefick's motions to quash. Because Beauchesne did not timely move to vacate the order on the motions to quash, he relies on section 473, subdivision (d), which authorizes a court to set aside a void judgment or order, and has no time limit.[7] (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021 ["There is no time limit to attack a judgment void on its face."].)

---

[6] Kenefick's motion to augment the record and related request for judicial notice are denied. The documents he provides pertain to separate and more recent motions to quash by Kenefick in this case and in a similar lawsuit filed in Contra Costa County and then transferred to Santa Clara County. Kenefick contends the additional records relate to the issue of prejudice. Kenefick acknowledges, however, that Beauchesne has not raised the issue of prejudice in his appeal. These documents are therefore not necessary to a resolution of this appeal.

[7] *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*) ["The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion."].)

10

Recognizing that Kenefick's statements do not make the order void on its face, Beauchesne relies on footnote 14 in *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 20, footnote 14, where the court quoted from *Thompson v. Cook* (1942) 20 Cal.2d 564, 569: " 'It is well settled in this state that a court has no power to set aside on motion a judgment or order not void on its face unless the motion is made within a reasonable time, and it has been definitely determined that such time will not extend beyond the limited time fixed by section 473 of the Code of Civil Procedure as at present in force. [Citations.] However, to the rule just stated there is a well[-]established exception which provides that although the judgment or order is valid on its face, if the party in favor of whom the judgment or order runs admits facts showing its invalidity, or, without objection on his part, evidence is admitted which clearly shows the existence of such facts, then it is the duty of the court to declare the judgment or order void.' "

Beauchesne contends that Kenefick conceded in a May 22, 2019 deposition that the California trial court has personal jurisdiction over him. The deposition took place in Massachusetts for a lawsuit filed by Beauchesne in that state against the same defendants in the instant case. Beauchesne reads too much into Kenefick's deposition testimony.

The relevant deposition testimony from Kenefick follows:

"Q. . . . So I want to be sure that I understand correctly. Your position is that you represented Jeanne Schmidt as an individual but not as a guardian ad litem, is that correct?

"A. I represented Jeanne Schmidt as an individual. And part of that representation, I think at times, was giving her advice regarding part of her role as GAL.

"Q. So that – well, how do you make the difference between representing her as an individual and representing her in her capacity as GAL?

"[¶] . . . [¶]

11

"[A.]: Obviously part of my representation of her, generally, I think incurred giving her some advice in terms of how to [sic], in terms of her role as a GAL.

"Q. . . . You understood all along, by all along I mean from the time that she was initially appointed as GAL through her release at a hearing in July of 2016, that Miss Schmidt owed me fiduciary duties, correct?

"A. I'm sure.

"Q. And I'm sure you understood that in giving her advice with respect to her fiduciary obligations you were in effect representing me indirectly?

"[¶] . . . [¶]

"[A.]: No."

In his supplemental declaration in support of his motions to quash, Kenefick stated that he is not licensed to practice law in California and has never appeared in any court in California. He also stated that he had communications with Baugh, and with Anthony Boskovich, Beauchesne's criminal attorney, but did not collaborate with either attorney on a California case. He asserted that he was physically present at the courthouse for the two-day settlement conference in Beauchesne's family law case, but was only there to offer "moral and emotional support" to Schmidt. He stated that he provided services for Beauchesne on a Massachusetts criminal matter, but did not give Beauchesne any advice regarding his California divorce.

We agree that Kenefick's role as Schmidt's partner and personal lawyer—advising her "regarding part of her role as GAL"—is less than clear, but we discern no conflict with the statements in his supplemental declaration. To establish the judgment is void on its face, Beauchesne has the burden of demonstrating that Kenefick admitted facts showing its invalidity, or that admitted evidence *clearly* shows the existence of such facts. Kenefick in his deposition testimony does not concede that any California court has jurisdiction over him, that he practiced law in California, or that he represented Schmidt in Beauchesne's dissolution or in any California proceeding. The trial court

12

therefore did not abuse its discretion in finding that the order granting Kenefick's motions to quash was not void.

As he does in connection with his appeal of the demurrer, Beauchesne again argues that the appointment of a guardian ad litem constitutes a judicial determination of incompetency. He asserts that the motions to quash were filed, served, briefed, and heard while he was determined to be incompetent, and that the resulting orders are therefore void on their face. For the reasons we discussed in connection with Schmidt's demurrer, we again reject the argument regarding incompetency.

Beauchesne's final argument is that, because Kenefick represented Schmidt as her attorney, he also represented Beauchesne as a derivative client and as a third party beneficiary. This is similar to the argument made by Beauchesne in his prior appeal that Baugh, who represented Schmidt in her capacity as guardian ad litem, in effect represented Beauchesne as a "derivative" client. We rejected the argument, concluding that an intended third-party beneficiary of an attorney-client relationship is not a client of the attorney. (*Lasky, Haas, Cohler & Munter v. Superior Court* (1985) 172 Cal.App.3d 264, 283 [a trust beneficiary is not a client of the trustee's counsel]; see also *Shen v. Miller* (2012) 212 Cal.App.4th 48, 57 [a shareholder who brings a derivative action on behalf of a corporation acts in a fiduciary capacity substantially as guardian ad litem for the corporation, but that does not give rise to an attorney-client relationship between the attorney for the shareholder and the corporation].) We have no reason to adopt a different conclusion here.

Beauchesne also asserts that he considered Kenefick as an attorney who gave him legal advice because he trusted Kenefick, who had been the live-in boyfriend of Schmidt for many years, and because Kenefick claimed to have substantial expertise in the areas of family law and criminal law. That Beauchesne has the subjective view that he received legal advice from Kenefick is insufficient to evidence the creation of an attorney-client relationship. (*Zenith Ins. Co. v. O'Connor* (2007) 148 Cal.App.4th 998,

13

1010 ["California law is settled that a client's subjective belief that an attorney-client relationship exists, standing alone, cannot create such a relationship, or a duty of care owed by the attorney to that plaintiff."].)

### III.    DISPOSITION

The orders are affirmed. Costs on appeal are awarded to Schmidt and Kenefick for their respective appeals.

14

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*Beauchesne v. Schmidt*
H047448
*Beauchesne v. Kenefick*
H047861